**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ) | C.A. No.  1:09cv1217 |
| IN RE:  OUTSIDEWALL TIRE              ) | C.A. No.  1:09cv1218 |
| LITIGATION                                      ) | |
| ) | **C.A. No.  1:09cv1218 (TSE/IDD)** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL DEFENDANT SHANDONG LINGLONG
RUBBER CO., LTD TO PRODUCE DOCUMENTS**

In this action, Plaintiffs Tire Engineering and Distribution, LLC and Jordan Fishman

(collectively "Plaintiffs") allege that Defendants conspired with each other and with a former

Alpha employee, Sam Vance ("Vance"), to steal trade secrets and other proprietary and

confidential business information from Plaintiffs regarding Alpha's specialized underground

mining tires.  Those tires were designed and developed by Plaintiff Jordan Fishman.

In this motion, Plaintiffs seek an order compelling Defendant Shandong Linglong Rubber

Co. Ltd. ("Linglong Rubber") to produce, and take steps to cause a reasonable search for,

relevant electronic and hard copy documents that Plaintiffs requested in Plaintiffs' First Set of

Requests for the Production of Documents ("Document Requests").[1]   Plaintiffs served the

Document Requests on February 2, 2010.  Linglong Rubber served Objections and Responses to

the Document Requests on February 17 and March 4, respectively.[2]  Since, Plaintiffs and

Linglong Rubber have conferred regarding Linglong Rubber's objections in correspondence, in

person, and in teleconferences.[3]

---

[1] Plaintiffs' First Set of Requests for the Production of Documents to Linglong Rubber are
attached as Exhibit 17.
[2] Linglong Rubber's Responses and Objections are attached as Exhibits  1 and 2, respectively.
[3] On March 3, 2010, William E. Copley, counsel for Plaintiffs, sent a letter to Brandon H.
Elledge, counsel for Linglong Rubber, raising concerns regarding Linglong Rubber's Objections.

Linglong Rubber objects to the majority of Plaintiffs' document requests, including every request pertaining to mining tires, on the ground that "Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint."[4] Consistent with this objection, Linglong Rubber responds to Plaintiffs' mining-tire related Document Requests that "Linglong Rubber does not have any documents or information responsive to this Request."[5]

As discussed below, Linglong Rubber's position is baseless.  Photographs, documents and testimony, including an affidavit of Jiang Iijie, the self-described "Engineering Manager Bias Tyres at Shandong LingLong Rubber Company," establish unequivocally that Linglong Rubber directly was involved in the design, manufacture, production, sale and distribution of the mining tires at issue in this case.

At best, Linglong Rubber illegitimately is attempting to secret responsive documents from discovery based on an untenable assertion that its subsidiaries and affiliates — with no involvement by Linglong Rubber —  made the mining tires at issue.  Even if this false assertion were true, Linglong Rubber legally could not justify withholding the documents that Plaintiffs seek.  The relevant case law demonstrates that Linglong Rubber is obligated, under the circumstances of this case, to search and produce documents possessed by its admitted subsidiary, Shandong Linglong Tire Co., Ltd. ("Linglong Tire") (f/k/a Zhaoyuan Leo Rubber Products Co., Ltd.).  Indeed, as discussed below, Linglong Rubber is obligated to search for and

---

A copy of that letter is attached as Exhibit 3.  On March 8, 2010, counsel for Linglong Rubber responded.  A copy of that letter is attached as Exhibit 4.

[4] *See* Ex. 2,  Linglong Rubber's Objections to Requests 5, 8, 9, 10, 15, 16, 17, 18, 19, 20, 21, 24, 27, 28, 30, 31, and 32.

[5] *See* Ex. 1, Linglong Rubber's Responses to Requests 5, 8, 9, 10, 15, 16, 17, 18, 19, 20, 21, 24, 27, 28, 30, 31, and 32.

produce documents in the possession of any of its affiliates in the Shandong Linglong Group

with which it worked to design, manufacture, produce, sell or distribute mining tires.

**BACKGROUND FACTS**

**I.      Linglong Rubber has been Involved Directly in the Design, Manufacture, Production, Sale and Distribution of mining tires.**

Linglong Rubber's assertion that it "has never created, developed, designed, engineered,

or manufactured mining tires" is belied by its own employees' testimony to the contrary, by

photographs, and by documents.  Most damning is the Affidavit of Jiang Iijie that was filed in

the related Florida action that Tire Engineering & Distribution, LLC brought against Plaintiffs'

former employee and Linglong Rubber's co-conspirator, Sam Vance.[6]  In the Affidavit, Mr. Iijie

states that "I am [the] Engineering Manger Bias Tyres at Shandong LingLong Rubber Co. in

Zhaoyuan, Shandong Providence, PRC."  Mr. Iijie then describes in detail his role in Linglong

Rubber's production of mining tires for the Al Dobowi Group, another of Linglong Rubber's

conspirators in this case.  Indeed, Mr. Iijie identifies Linglong Rubber as the company directly

responsible for designing, manufacturing, and producing mining tires for the Al Dobowi Group,

stating:

> During the fall of 2005 I was called to a meeting with one of our
> factories large Customer, the Al Dobowi Group At this meeting
> our company was told Al Dobowi wanted to enter the mining tyre
> market and was willing to pay for the tyre moulds.  A list of sixez
> was furnished.
>
> I was instructed to gather general information and general
> technical specifications for this Customer's sizes.  * * *  Sam
> Vance from TyreX (Al Dobowi) gave me application data from the
> mines.  From this information and my own experience I made
> section drawings for these tyres.  After the section drawings were
> made I looked at the processing of these tyres in our factory with
> emphasis on equipment needed and to make sure this tyre design
> could fit and could be produced utilizing our factory equipment.

---

[6]  The Affidavit of Jiang Iijie is attached as Exhibit 5.

3

> * * *  Shandong Ling Long Rubber Co. required Sam Vance to sign off on the final drawings as TyreX (Al Dobowi) was paying for these molds.  After double checking the drawings and again checking them against the factory equipment I spoke to and sent the drawing to the mould factories to have the moulds manufactured.
>
> After the moulds were manufactured I traveled, with Sam Vance, to the mould factories and performed a final inspection on the new moulds.  After my approval the new moulds were shipped to our factory.

*Id*.

The testimony of Linglong Rubber's engineering manager is confirmed by numerous other documents.  Linglong Rubber, in support of its motion to dismiss, submitted a December 18, 2009 Declaration of Wang Feng.[7]  In the declaration, Mr. Feng describes himself as "the General Manager of Shandong Linglong Rubber Co. Ltd."[8]  He also states that "I am authorized to make this declaration on behalf of Linglong Rubber."[9]  Plaintiffs attach, as Exhibit 7 to this motion, a photograph in which Mr. Feng accepts, on Linglong Rubber's behalf, a plaque from Surender Kandhari, Chairman of the Al Dobowi Group, commemorating Linglong Rubber's production of its first mining tire.  Specifically, the plaque states:

---

[7]  The December 18, 2009 Declaration of Wang Feng ("Feng Decl.") is attached as Exhibit 6.
[8]  Feng Decl. ¶ 2.
[9]  Feng Decl. ¶ 2.

MR. WANG FENG
GENERAL MANAGER
SHANDONG LINGLONG RUBBER CO. LTD
ZHAOYUAN LEO RUBBER CO. LTD

TO COMMEMORATE THE FIRST
*Infinity*, MINING TYRE
PRODUCED

WITH THANKS
SURENDER KANDHARI
CHAIRMAN
AL DOBOWI GROUP[10]

Linglong Rubber's claim that it has no involvement with mining tires is contradicted by this

photograph.

Other of Linglong's discovery responses also are at odds with the photograph.  For

example, in response to Plaintiffs Document Request No. 14 seeking "[a]ll Documents and

Communications between any Employee [defined to include officers] in the Al Dobowi Group

and any Employee in the Linglong Group," Linglong Rubber responded that "Linglong Rubber

does not have any documents or information responsive to this request."[11]

Sam Vance, Plaintiffs' former employee, also conspired with a Linglong Rubber

employee, Merry Wang, to make cosmetic changes to Alpha's tire design to obfuscate the

illegitimate origin of the tires that Linglong Rubber would manufacture, produce, sell and

distribute.  Ms. Wang's business card identifies her as an import and export manager for

Shandong Linglong Rubber Co., Ltd.[12]  On September 1, 2005, Vance emailed Merry Wang.  In

that email, Vance stated that he was working on mining tire "drawings," that he would send the

drawings to Merry Wang "tomorrow," and mentions Linglong Rubber's acquisition of a tire

---

[10]  *See* photograph and blowup of plaque attached as Exhibit 7.
[11]  *See* Ex. 1, Linglong Rubber's Response to Request No. 14.
[12]  A copy of Merry Wang's business card is attached as Exhibit 8.

from Plaintiffs' mining tire customer, VAMT Baotou.[13]   Vance also asked Ms. Wang:

> is your Engineering Dept. working on the reccomendations [sic]
> for the changes to the drawings I left with you.  I understood they
> would make a recommendation as to how to change these drawings
> so our Infinity Mining tires would not look like the AA (Awful
> Alpha) Ha! Was I wrong?

*Id*.

Finally, Linglong Rubber's 2006 tire catalog specifically includes two page listing 5

different mining tires for sale.[14]   Nevertheless, when Plaintiffs asked in their Document Request

No. 19 for "all Documents and Communications relating to any sale or purchase of any mining

tires or molds used in the production of mining tires," Linglong Rubber responded that

"Linglong Rubber does not have any documents or information responsive to this request."  *See*.

Exhibit. 1

## II.     Linglong Rubber has a Close Relationship with its Subsidiary, Linglong Tire, Particularly Regarding the Companies' Coordinated Efforts to Make and Sell mining tires.

The relationship between Linglong Rubber and Linglong Tire is close.  Linglong Tire is a

subsidiary of Linglong Rubber.  In support of its motion to dismiss, Linglong Rubber submitted

the Declaration of Kevin Zhang in which Mr. Zhang avers that "Linglong Rubber * * * is

Linglong Tire's (formerly known as Zhaoyuan Leo) parent company."[15]   At the February 19,

2009 hearing regarding Defendants' motions to dismiss, Linglong Rubber's counsel confirmed

that "Rubber owns a large portion of the Tire company."[16]   The companies share officers and

---

[13]   *See* Sept. 1, 2005 email from Sam Vance to Merry Wang,  attached as Exhibit 9.

[14]   *See* excerpts of Linglong Rubber's 2006 tire brochure at LR 000024-25, attached as Exhibit 10.

[15]   *See* January 18, 2010 Declaration of Kevin Zhang ¶ 10, attached as Exhibit 11.

[16]   *See* Transcript of February 19, 2010 Oral Argument at 10:3-7, *In Re Outsidewall Tire Litigation*, C.A. Nos. 1:09-cv-1217 & 1218 (E.D.Va.).  Excerpts from this transcript are attached as Exhibit 12.

employees.  Wang Feng is the President of Linglong Tire[17] and the self-described "General Manager" of Linglong Rubber.[18]  Likewise, Kevin Zhang's and Merry Wang's business cards indicate that they are employees of both Linglong Rubber and Linglong Tire.[19]  Indeed, Linglong Rubber has asserted that it puts its name on Linglong Tire documents as a matter of course.[20] The companies also share the same website — http://www.linglong.cn.[21]

Linglong Rubber's and Linglong Tire's coordinated efforts to make and sell the mining tires at issue underscores the close relationship between the companies.  As discussed above, Linglong Rubber's involvement in the design, manufacture, production, sale and distribution of mining tires cannot be denied plausibly.  Yet, during recent meet-and-confers, counsel for Linglong Rubber has taken the position that Linglong Tire, not Linglong Rubber, is the company in the Linglong Group that designed, manufactured, produced, sold and distributed the mining tires at issue.  The evidence, viewed most favorably to Linglong Rubber's asserted position, at best establishes that both companies were involved in a coordinated effort to make and sell mining tires.  In the photograph attached as Exhibit 7, Surender Kandhari, in his capacity as Chairman of the "Al Dobowi Group," presents a plaque to Wang Feng, in his capacity as "General Manager" of both Linglong Rubber and Linglong Tire commemorating the production of the first Infinity mining tire — a line of mining tires at issue in this case.  As discussed above, Merry Wang, apparently an employee of both companies, centrally was involved in the

---

[17]  *See Shandong Linglong to Invest $200 Million in China Proving Ground*, Tyrepress.com, http://www.tyrepress.com/News/51/China/18936.html (last visited March 17, 2010) and attached as Exhibit 13.
[18]  *See* December 18, 2009 Declaration of Wang Feng, General Manager Shandong Linglong Rubber Co. Ltd. ("12/18/09 Feng Decl.") ¶ 2, attached as Exhibit 6.
[19]  Kevin Zhang's and Merry Wang's business cards are attached as Exhibit 8.
[20]  *See* 12/18/09 Feng Decl. ¶ 4.
[21]  *See* Kevin Zhang's and Merry Wang's business cards; *see also* January 18, 2010 Reply Declaration of Wang Feng ¶ 6, attached as Exhibit 14.

conspiracy (conspiring with Vance to cosmetically alter the appearance of Alpha's tire designs) and represented both companies at the SEMA trade show in Los Vegas.[22]

## ARGUMENT

"[A] trial is not a sporting event, and discovery is founded upon the policy that the search for truth should be aided." *Tiedman v. American Pigment Corp.*, 253 F.2d 803, 808 (4th Cir. 1985).

**I.      Linglong's Assertion that It has No Documents Regarding the Design, Manufacture, Production, Sale and Distribution of Mining Tires is Baseless.**

Under Federal Rule of Civil Procedure 34(a), a party must produce all requested documents within its "possession, custody or control" that are relevant and not privileged.  In this case, Linglong Rubber simply refuses to comply with this requirement.  Given the documents described above, and in particular the averments of Linglong Rubber's Managing Engineer, Jiang Iijie, Linglong Rubber's Objections and Responses that it has no documents regarding the design, manufacture, production, sale and distribution of mining tires simply is not credible.

Jiang Iijie, the self-described "Engineering Manager Bias Tyres at Shandong LingLong Rubber Company," has filed an affidavit averring that he was integral to Linglong Rubber's design, manufacture and production of mining tires.[23] The photograph attached as Exhibit 7 demonstrates that Wang Feng, Linglong Rubber's general manager, was involved centrally in the production of the Infinity line of mining tires.  Linglong Rubber's 2006 catalog specifically lists mining tires for sale.

There also is uncertainty as to what files and computers Linglong Rubber searched for documents prior to asserting that Linglong Rubber has no documents regarding the design,

---

[22] *See* January 12, 2010 Declaration of Jordan Fishman ¶ 9, attached as Exhibit 15.
[23]  *See supra* at 3.

8

manufacture, production, sale and distribution of mining tires.  On March 8, 2010, Plaintiffs

asked Linglong Rubber's counsel to confirm that Wang Feng's and Jiang Iijie's computers and

physical files were searched before Linglong Rubber asserted that it has no documents regarding

the design, manufacture, production, sale and distribution of mining tires.[24]  To date, Linglong

Rubber has been unable to confirm that those physical files and computers have been searched.

## II.  Linglong Rubber Controls, and Therefore Must Search For And Produce, Mining Tire Related Documents In the Possession Of Its Subsidiary, Linglong Tire.

In response to Plaintiffs' definitions, instructions, and almost every request, Linglong

Rubber objects to Plaintiffs' requests:

> to the extent [they] call[] for the production of documents that are in the possession of any company or entity in the Linglong Group (as properly defined above or as defined by Plaintiffs) other than Linglong Rubber because Linglong Rubber is a separate corporate entity from the other entities in the Linglong Group (as properly defined above or as defined by Plaintiffs) and because Linglong Rubber does not exercise control over any of the other entities in the Linglong Group.[25]

Linglong Rubber's refusal to search documents possessed by its subsidiaries is

unjustified under the Federal Rules of Civil Procedure.  "It is well established that a district court

may order the production of documents in the possession of a related nonparty entity under Rule

34(a) if those documents are under the custody or control of a party to the litigation." *Steele*

*Software Sys., Corp. v. Dataquick Info. Sys., Inc.*, 237 F.R.D. 561, 564 (D. Md. 2006).

"'Control' has been construed broadly by the courts as the legal right, authority, or practical

ability to obtain the materials sought on demand." *Id.*

---

[24]  *See* Email from William E. Copley, counsel for Plaintiffs, to Brandon H. Elledge, counsel for Linglong Rubber (Mar. 8, 2010), attached as Exhibit 16.

[25]  *See* Ex.  2, Linglong Rubber's Objections to Request No. 4..

Courts specifically have found that corporate form should be disregarded when a corporate litigant attempts to use corporate distinctions to hide relevant documents:

> Courts are able to disregard corporate form to prevent, among other things, 'misleading actions whereby corporations try to hid documents or make discovery of them difficult.

*Id.*; *Uniden America Corp. v. Ericsson*, *Inc.*, 181 F.R.D. 302, 305 (M.D.N.C. 1998).  Similarly, the court in *Cooper Industries, Inc. v. British Aerospace, Inc.* held in a similar case dealing with affiliated companies that made and sold airplane parts that:

> Defendant cannot be allowed to shield crucial documents from discovery by parties with whom it has dealt in the United States merely by storing them with its affiliate abroad.  Nor can it shield documents by destroying its own copies and relying on customary access to copies maintained by its affiliate abroad.  If defendant could so easily evade discovery, every United States company would have a foreign affiliate for storing sensitive documents.[26]

In this case, Linglong Rubber's refusal to produce documents in the possession of Linglong Rubber, its subsidiary, is unjustified.  "Courts have routinely held that a 'corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls.'"[27]  Linglong Rubber has conceded that it "is Linglong Tire's * * * parent" and that "Rubber owns a large portion of the Tire company."[28]

Similarly, even if Linglong Rubber and Linglong Tire were mere affiliates, the facts of this case satisfy each of the judicially-created factors for determining whether a corporate litigant controls documents in its affiliate's possession.  The United States District Court for the District of Maryland recently applied these factors to find such control in *Steele Software Sys.,* 237 F.R.D. at  564-565.  The court noted that "[i]t is well established that a district court may order

---

[26]  102 F.R.D. 918, 920 (S.D.N.Y. 1984).

[27]  *In re: Subpoena Duces Tecum Served On Duke Energy Corp.*, No. 3:05-MC-2001, 2005 WL 2674938, at *4 (W.D.N.C. Oct. 18, 2005).

[28]  *See supra* at 6.

the production of documents in the possession of a related nonparty entity under Rule 34(a) if

those documents are under the custody or control of a party to the litigation." *Id.* at 564.  The

Court identified the relevant factors:

> Several factors are relevant to determining whether a party has
> control over documents that are in the possession of a related
> nonparty for the purpose of Rule 34.  In *Afros S.P.A. v. Krauss-
> Maffei Corporation*, 113 F.R.D. 127, 130 (D. Del. 1986), the court
> identified three: (1) the corporate structure of the party/nonparty,
> (2) the nonparty's connection to the transaction at issue in the
> litigation, and (3) the degree that the nonparty will benefit from the
> outcome of the case. * * * Common relationships between a party
> and its related nonparty entity are particularly important to the
> determination of control.  Critical factors have include the
> ownership of the nonparty, any overlap of directors, officers, and
> employees, and the financial relationship between the two entities.

*Id.*  The court further noted that "[o]ther factors may be equally important," noting that the *Afros*

court's finding of control in particular was appropriate because of "the relationship of the parent

corporation [there the nonparty affiliate] to the underlying litigation because the parent had

assigned the patents at issue to its litigating subsidiary." *Id.* at 565.  The factors that the *Steele*

*Software Systems* court identified as relevant all are satisfied in this case by Linglong Rubber's

relationship with Linglong Tire.

      **A.**      **Linglong Rubber's Corporate Relationship with Linglong Tire**
                    **Evidences its Control Over Documents that Linglong Tire Possesses.**

Linglong Rubber's corporate structure with respect to Linglong Tire — parent to

subsidiary — is the relationship most suggestive of control.  As noted above at p.6, Linglong

Rubber has conceded that it is Linglong Tire's parent.  Courts, including the United States

District Court for the Middle District of North Carolina in *In re: Subpoena Duces Tecum Served*

*On Duke Energy Corp.*, most readily have found control for purposes of Rule 34 where the

documents sought are in the possession of a litigant's subsidiary. 2005 WL 2674938, at *4.  The

District of Maryland in *Hubbard v. Rubbermaid, Inc.* likewise required a litigant to produce

documents possessed by its wholly owned subsidiaries, holding that under such circumstances, "[t]he fact that we are dealing with separate corporate entities here is irrelevant." 78 F.R.D. 631, 637 (D. Md. 1978). This is particularly true where the subsidiary corporation acts as the parent corporation's agent, as "documents held by party's agent are deemed to be in a party's control." *See American Rock Salt Co., LLC v. Norfolk S. Corp.*, 228 F.R.D. 426, 457 (W.D.N.Y. 2004).

**B.      Linglong Rubber's Coordinated Activities with Linglong Tire Regarding the Subject of the Lawsuit  Evidences Linglong Rubber's Control of Documents that Linglong Tire Allegedly Possesses.**

Courts also have recognized that control over documents is established when a party and its corporate affiliate engaged in coordinated activities related to the lawsuit. Thus, for example, in *Camden Iron & Metal, Inc. v. Marubeni America Corp.*, the court held that a litigant corporation controlled documents possessed by affiliated corporation because affiliate participated in negotiation of the agreement that was the subject of the lawsuit. 138 F.R.D. 438, 443 (D.N.J. 1991). Likewise, the court in *Cooper Industries, Inc.* relied upon the existence of relevant coordinated activities between the litigant and its affiliate — the manufacture and distribution of airplanes, respectively — to hold that the corporate party was required to produce all relevant documents that its affiliate possessed. 102 F.R.D. at 920. Similarly, in *Advance Labor Service, Inc. v. Hartford Accident and Indemnity Co*., the court found control over documents because "while [the affiliated corporation] may technically be a separate corporation, * * * one of the primary functions of Allied Bus Service is to provide transportation for workers employed by the plaintiff." 60 F.R.D. 632, 633-34 (N.D. Ill. 1973).

As discussed above at pages 3-4, there is substantial evidence that Linglong Rubber designed, manufactured, produced, sold and distributed mining tires, including the affidavit of Mr. Iijie. Linglong Rubber itself has asserted that Linglong Tire also was involved in the design, manufacture, production, sale and distribution of mining tires. The names of both Linglong

Rubber and Linglong Tire appear together on key documents, including the plaque pictured in

Exhibit 7 and the business cards of key figures such as Merry Wang and Kevin Zhang.[29]  This

evidence, combined with Linglong Rubber's assertion that Linglong Tire has been involved in

the design, manufacture, production, sale and distribution of mining tires, is more than sufficient

to demonstrate that Linglong Rubber and Linglong Tire engaged in coordinated activities related

to the subject matter of the lawsuit sufficient to demonstrate control for purposes of Rule 34.[30]

> **C.      Linglong Tire's Interest in the Outcome of the Litigation Further
>          Justifies Requiring Linglong Rubber to Produce Documents that
>          Linglong Tire Allegedly Possesses.**

When a litigant's affiliate possesses relevant documents and has a direct interest in the

outcome of the litigation, courts are more likely to require the litigant to produce those

documents.  *See, e.g., Uniden America Corp.,* 181 F.R.D. at 307.  By recent amendment of the

complaint, Linglong Tire now is a Defendant and alleged co-conspirator.  Accordingly, Linglong

Tire, like Linglong Rubber, jointly and severally liable for Plaintiffs injuries arising out of the

conspiracy described in the Complaint.  *Worrie v. Boze*, 95 S.E.2d 192, 199 (Va. 1956).

> **D.      Linglong Rubber's Ownership of Linglong Tire Further Evidences
>          Linglong Rubber's Control over Documents that Linglong Tire
>          Allegedly Possesses.**

In *Steele Software Systsm,* the court held that "[c]ontrol has been found where the party

and its related nonparty affiliate are owned by the same individual."  237 F.R.D. at 564.  Here,

such ownership is undisputed.  According to Linglong Rubber's counsel, "Rubber owns a large

portion of the Tire company."[31]

---

[29]  *Id.*
[30]  *See supra* at 7, discussing Exhibits 6, 7, 8, 13, 14.
[31]  *See supra* at 6.

**E.**      **Linglong Rubber's Overlapping Officers and Employees with Linglong Tire Evidences Linglong Rubber's Control over Documents that Linglong Tire Possesses.**

Of the Linglong Rubber officers and employees involved in the production and sale of mining tires, the evidence demonstrates that most of them also are employed by Linglong Tire. The existence of these overlapping officers and employees demonstrates control.  *See Steele Software Sys.* 237 F.R.D. at 564.  Wang Feng, Linglong Rubber's General Manager, also is the President of Linglong Tire.[32]  Merry Wang, a key conspirator with whom Sam Vance conspired to cosmetically alter Alpha's stolen designs, is employed by both Linglong Rubber and Linglong Tire according to her business card.[33]  The same is true of Kevin Zhang's business card, who was with Merry Wang at the SEMA trade show selling Linglong Rubber's tires.[34]  These overlapping officers and directors, who were involved directly in the production, sale or distribution of the mining tires at issue in this case, further establishes that Linglong Rubber controls documents in Linglong Tire's possession.

In short, Linglong Rubber's relationship with Linglong Tire, and their coordinated activities relevant to the subject matter of this case, satisfy each of the factors that courts consider to determine control for purposes of Rule 34.  Accordingly, the Court should reject Linglong Rubber's implausible denial that it has any relevant documents and its refusal to look for or produce documents possessed by its subsidiary, Linglong Tire, and order Linglong Rubber to produce the relevant documents regarding the design, manufacture, production, sale and distribution of mining tires that Plaintiffs seek.

---

[32]  *See supra* at 7.
[33]  *See Exhibit*  8.
[34]  *Id.*

**III.    Defendants Must Search For And Produce Documents Regarding their Affiliates and their Affiliates' Conduct.**

As noted above, Linglong Rubber has taken the position that has never designed, manufactured, produced, sold or distributed mining tires, that all documents regarding such mining-tire related activities are in the possession of its affiliates, and that it will not search for or produce any such documents.  Linglong Rubber also makes a third objection that has the effect of fortifying it against producing mining-tire related documents — it objects to producing documents in its control regarding the relationships among its affiliates the Linglong Group and regarding the conduct of those affiliates as it relates to the design, production, manufacture, sale and distribution of mining tires.

For example in Request No. 1, Plaintiffs request documents regarding the relationships between the companies in the Linglong Group, yet Linglong Rubber states it only will produce documents regarding the incorporation of Linglong Rubber.[35]  Request No. 2 seeks documents regarding the management of the companies in the Linglong Group, yet Linglong Rubber states it only will produce documents regarding Linglong Rubber's management.[36]  Plaintiffs specifically requested information regarding the relationship between the Linglong Group and two United States corporations that operate under the Linglong name — Linglong North America, LLC and the Linglong Tire and Rubber Company of North America, LLC — yet Linglong Rubber has stated that "Linglong Rubber has construed this Request as demanding documents related only to Linglong Rubber's relationship with Linglong North America, LLC or the Linglong Tire and Rubber Company of North America, LLC."[37]  When Plaintiffs asked for all documents "relating to the sale of any Mining Tire by a person or company in the Linglong

---

[35]  *See* Ex. 1, Linglong Rubber's Response to Request No. 1.
[36]  *See Id.* at. Response No. 2.
[37]  *See Id.* at Response No. 3.

Group or the Al Dobowi Group," Linglong Rubber responded that it would only produce documents "related to Linglong Rubber."[38]  Linglong Rubber made the same objection to similar requests regarding documents and communications regarding entities in the Al Dobowi Group,

Linglong Rubber's objections to producing relevant documents in its possession merely because they pertain to other companies in the Shandong Linglong Group are baseless.  Pursuant to the standard set by Federal Rule of Civil Procedure 26(b)(1), Plaintiffs "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, *custody*, condition, and location of any documents * * *." (Emphasis added.)  Documents regarding the relationships between and activities of Linglong Rubber's affiliates in the Shandong Linglong Group are reasonably calculated to lead to the discovery of admissible evidence for two  reasons.

*First*, Linglong Rubber's obligation to produce documents that its affiliates possess is determined by its relationships with those affiliates.  Federal Rule of Civil Procedure 26(b)(1) specifically identifies the "custody" of relevant documents as a legitimate topic for discovery. Further, the courts in *Steele Software Systems* and the other cases discussed above all recognized that the factors relevant to determining whether a corporate litigant "controls" documents possessed by its affiliates include the affiliates' ownership, control, place in the corporate structure, and common management.  *See, e.g., Steele Software Sys., Corp.*, 237 F.R.D. at 564-565.  This is precisely the information that Plaintiffs seek and Linglong Rubber refuses to produce.

*Second*, the discovery sought is necessary for Plaintiffs to test Linglong Rubber's "it wasn't me" defense.  Contrary to the evidence discussed above at pages 3 to 7, Linglong Rubber

---

[38]  *See Id*. at Response No.9.

16

nevertheless denies direct involvement in the design, manufacture, production, sale and

distribution of mining tires and has indicated that its affiliates exclusively engaged in such

activities.  By refusing to produce any documents within its possession or control regarding those

activities based on this assertion, however, Linglong Rubber seeks to decide itself the validity of

this "it wasn't me" defense by not allowing the relevant evidence to see the light of day.  Under

such circumstances, Plaintiffs request for documents regarding the mining-tire related activities

of Linglong Rubber's affiliates is reasonably calculated to lead to the discovery of admissible

evidence.

   *Third*, the conduct of Linglong Rubber's affiliates likewise is relevant to Linglong

Rubber's liability.  In general, a parent corporation is liable for the acts of a subsidiary when the

subsidiary acts as the agent of the parent.  For example in *Regal Ware, Inc. v. Fidelity Corp.*, the

United States Court of Appeals for the Fourth Circuit held in a bankruptcy context that a parent

corporation made improper preferential transfers through the acts of its subsidiary, and its

subsidiary's subsidiary, holding that even "[i]f the corporate veil be respected and Foresight and

East Coast be regarded as separate corporations, still Fidelity used its corporate control to deplete

the assets of Foresight which should have been left available for all creditors."  550 F.2d 934,

945 (4th Cir. 1977).  This Court likewise held parent corporations liable for their subsidiaries'

actions on their behalf in *Field Auto City, Inc. v. General Motors Corp.*, 476 F. Supp. 2d 545,

558 n.15 (E.D. Va. 2007) and *Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp.

2d 484, 493-94 (E.D. Va. 2005).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Linglong

Rubber to produce:

- all non-privileged documents in its possession, custody or control regarding Linglong

  Rubber's or Linglong Tire's design, development, manufacture, production, sale or

  distribution of mining tires;

- the documents that Plaintiffs requested regarding the corporate relationships and

  mining-tire related activities of Linglong Rubber's affiliates in the Linglong Group;

  and

- the documents that Plaintiffs requested regarding the relationships that companies in

  the Linglong Group have with Linglong North America, LLC and the Linglong Tire

  and Rubber Company of North America, LLC.


Dated:  March 19, 2010                              Respectfully submitted,


                                    By:_____/s/_____
                                         David B. Killalea
                                         Virginia Bar. No. 29304
                                         William E. Copley
                                         Virginia Bar No. 43960
                                         Attorneys for Plaintiffs
                                         GILBERT LLP
                                         1100 New York Avenue NW
                                         Suite 700
                                         Washington, D.C. 20005
                                         Telephone:  (202) 772-2200
                                         Facsimile:   (202) 772-2282
                                         killalead@gotofirm.com
                                         copleyw@gotofirm.com

## **RULE 37(E) CERTIFICATION**

I, William E. Copley, counsel for Plaintiffs, certify that I attempted to meet and confer

with counsel for Defendant Linglong Rubber Co., Ltd. regarding the issues raised in this Motion

to Compel.  On March 3, 2010, I sent by electronic mail a letter to counsel for Linglong Rubber

that set forth in detail the deficiencies in Defendants' responses to Plaintiffs' discovery requests.

The parties conferred regarding the contents of this motion in person on March 5, 2010, during a

teleconference on March 11, 2010, and in further correspondence between the parties.  The

parties were unable to resolve their differences in these conferences.


_____/s/_____
William E. Copley
Virginia Bar No. 43960
Attorney for Plaintiffs
GILBERT LLP
1100 New York Avenue NW, Suite 700
Washington, D.C. 20005
Telephone:   (202) 772-2200
Facsimile:    (202) 772-2282
copleyw@gotofirm.com

## <u>CERTIFICATE OF SERVICE</u>

I, William E. Copley, certify that I have this day caused a true and accurate copy of the

foregoing Plaintiffs' Memorandum in Support of their Motion to Compel Shandong Linglong

Rubber Co., Ltd. to Produce Documents to be delivered to the following counsel for Defendants

via electronic filing:

Shelby J. Kelley
BRACEWELL & GIULIANI LLP
2000 K Street, N.W., Suite 500
Washington, D.C. 20006
shelby.kelley@bgllp.com

Brandon H. Elledge
HOLLAND & KNIGHT LLP
1600 Tysons Blvd., Suite 700
McLean, VA  22102
brandon.elledge@hklaw.com


John H. Barr, Jr.
James W. Caldwell
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002
john.barr@bgllp.com
james.caldwell@bgllp.com

Francesca Morris
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY  10007
francesca.morris@hklaw.com


Dated:  March 19, 2010

              /s/
David B. Killalea
Virginia Bar. No. 29304
William E. Copley
Virginia Bar No. 43960
Attorneys for Plaintiffs
GILBERT LLP
1100 New York Avenue NW, Suite 700
Washington, D.C. 20005
Telephone:   (202) 772-2200
Facsimile:    (202) 772-2282
killalead@gotofirm.com
copleyw@gotofirm.com