EXHIBIT 2

IN RE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
[Alexandria Division]

| | |
|---|---|
| **IN RE: OUTSIDEWALL TIRE LITIGATION** | Case No. 1:09-cv-1217<br>Case No. 1:09-cv-1218<br><br>**Case No. 1:09-cv-1218 (TSE/IDD)** |

## DEFENDANT SHANDONG LINGLONG RUBBER CO. LTD.'S
## OBJECTIONS TO PLAINTIFFS' FIRST SET
## OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Subject to its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2), 12(b)(5) and 12(b)(6) and without waiving its right to object to and without consenting to jurisdiction, Defendant Shandong Linglong Rubber Co. Ltd. ("Linglong Rubber") hereby objects to Plaintiffs' First Set of Requests for the Production of Documents to Linglong Rubber ("Document Requests") pursuant to Local Rule 26(C) and Fed. R. Civ. P. 34 as follows:

### GENERAL OBJECTIONS

Linglong Rubber makes the following general objections to each instruction, definition, and request made in Plaintiffs' Document Requests, which are incorporated by reference into each individual objection as if set forth fully therein. Linglong Rubber objects to all instructions, definitions, and Document Requests to the extent they seek to expand the scope of, or impose upon Linglong Rubber, obligations greater than those required by the Federal Rules of Civil Procedure and the Local Rules or applicable Orders of this Court e

1.     Linglong Rubber objects to all instructions, definitions, and Document Requests

1

to the extent they seek disclosure of information that is not confined to the relevant issues in this case, is beyond the scope of the pleadings, is irrelevant to the subject matter of this action, or is not reasonably calculated to lead to discovery of admissible evidence. By producing any documents in response to the Document Requests, Linglong Rubber does not waive and expressly reserves the right to object to the relevance or admissibility of any such documents produced at trial.

2.    Linglong Rubber objects to all instructions, definitions, and Document Requests to the extent they attempt to elicit protected documents or information subject to, among other things, the attorney-client privilege or the work product doctrine. In the event any privileged documents are produced by Linglong Rubber, their production is inadvertent and does not constitute a waiver of any privilege.

3.    Linglong Rubber objects to all instructions, definitions, and Document Requests to the extent they seek documents or information constituting trade secrets, or other confidential, research, development, commercial, financial and/or proprietary information without entry of a Stipulated Protective Order.

4.    Linglong Rubber's objection to the production of documents within a designated category does not mean that documents within any such category exist or existed.

5.    The foregoing objections are based on Linglong Rubber's knowledge, information and belief at this time. Linglong Rubber has made a reasonable and good faith effort to object as necessary. However, Linglong Rubber has not completed preparation for trial. Linglong Rubber specifically reserves the right to amend these objections and/or produce additional documents should additional information and/or documents become available and to use such information and/or documents at trial. Linglong Rubber further reserves the right to raise any additional

objections deemed necessary or appropriate in light of the result of further review.

## OBJECTIONS TO DEFINITIONS

6.     Linglong Rubber objects to the definition of "Al Dobowi Group" because the Complaint contains allegations only related to Al Dobowi, Ltd. and Al Dobowi Tyre Company, LLC.

7.     Linglong Rubber objects to the definition of "Linglong Group" because Plaintiffs' definition contains entities that are not part of the Linglong Group. The Linglong Group, as that term is used by companies in the group, and as that term is used in these objections, consists of only the following entities: 1) Shangdong Linglong Rubber Co. Ltd.; 2) Commerce Club of Shangdong Linglong Rubber Co., Ltd.; 3) Zhaoyan Plastic Products Factory; 4) Zhaoyuan Linglong Steel-Wire Co. Ltd.; 5) Zhaoyuan Linglong Electric Co., Ltd.; 6) Shandong Jujin Chemical Materials Co., Ltd.; 7) Shangdong Linglong Mechanical & Electrical Products Co., Ltd.; 8) Zhaoyuan Shanling Guarantee & Investment Co., Ltd.; 9) Zhaoyuan Shanling Vehicle-Parts Co., Ltd.; 10) Zhaoyuan Linglong Cement Co., Ltd.; 11) Zhaoyuan Linglong Co., Ltd.; 12) Zhaoyuan Shanling Auto Sales Co., Ltd.; 13) Shandong Linglong Tire Co., Ltd, formerly Zhaoyuan Leo Rubber Co., Ltd.; and 14) Zhaoyuan Shanling Real Estate Development Co., Ltd. The only defendant in this action is Linglong Rubber and the Complaint does not contain allegations against Linglong Rubber's corporate affiliates. Document Requests regarding Linglong Rubber's corporate affiliates seek information and documents not related to the allegations in the Complaint and irrelevant to this action. Such Document Requests are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

8.    Linglong Rubber objects to the definition of "Mining Tire" or "Mining Tires" because Plaintiffs' definition is not limited to tires at issue in the litigation and encompasses any mining tire in the world, wherever, whenever and by whomsoever designed and manufactured.

9.    Linglong Rubber objects to the definition of "You" and "Your" as meaning Linglong Group rather than Linglong Rubber, the only defendant named in this action. Linglong Rubber incorporates into this objection, its objection to the definition of "Linglong Group".

## OBJECTIONS TO INSTRUCTIONS

10.    Linglong Rubber objects to Instruction No. "17" contained in Plaintiffs' Document Requests because and to the extent it calls for the production of documents that are in the possession of any company or entity in the Linglong Group (as properly defined above or as defined by Plaintiffs) other than Linglong Rubber because Linglong Rubber is a separate corporate entity from the other entities in the Linglong Group (as properly defined above or as defined by Plaintiffs) and because Linglong Rubber does not exercise control over any of the other entities in the Linglong Group (as properly defined above or as defined by Plaintiffs). Nor does any corporate affiliate exercise control over Linglong Rubber. Furthermore, Linglong Rubber does not have possession, custody or control over the documents requested from the Linglong Group other than those documents in its own possession, custody, and control. Linglong Rubber is the only defendant in this action and the Complaint contains no allegations supporting demands for documents from affiliates. Linglong Rubber does not concede that such allegations would provide sufficient grounds to demand that Linglong Rubber provide documents from all, or any, of its affiliates. Linglong Rubber will produce documents in the possession, custody and control of Linglong Rubber but will not, and cannot, produce documents in the possession, custody and control of its corporate affiliates.

4

11.    Subject to and without waiving its General Objections or the specific objections below, Linglong Rubber will search for and produce relevant, non-privileged, responsive documents within its possession, custody or control, and which it is able to identify through reasonable search and inquiry.

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

### REQUEST NO. 1:

All Documents relating to the ownership of one or more companies or corporate entities in the Linglong Group or the relationship between two or more such companies.

### OBJECTIONS TO REQUEST NO. 1:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Request No. 1 seeks documents in the possession, custody, or control of entities other than Linglong Rubber and over which Linglong Rubber exercises no control. Linglong Rubber will construe this Request as demanding documents related to Linglong Rubber, the only defendant in this action. Linglong Rubber objects further to this request because and to the extent it is unlimited in time and is not limited to a time frame relevant to this litigation and to the issues involved. Linglong Rubber further objects to this request on grounds that it is overbroad and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Linglong Rubber will produce documents evidencing the incorporation, registration to do business and ownership of Linglong Rubber.

## REQUEST NO. 2:

All Documents relating to managers, directors, or officers in every company or corporate entity in the Linglong Group, including Linglong North America, LLC and The Linglong Tire and Rubber Co. of North America.

## OBJECTIONS TO REQUEST NO. 2:

Linglong Rubber incorporates its General Objections as if fully set forth herein. As explained in the sworn declaration of Wang Feng, General Manager of Linglong Rubber, dated December 18, 2009, filed previously in this action:

> On information, Linglong North America, LLC and The Linglong Tire and Rubber Company of North America, LLC are privately-owned corporations that are incorporated in Ohio. Those two corporations are not parents, subsidiaries or branches of Linglong Rubber and Linglong Rubber does not own any shares or have any business interest in Linglong North America, LLC or The Linglong Tire and Rubber Company of North America, LLC.

Linglong Rubber will construe this Request as demanding documents related to and in the custody and control of Linglong Rubber, the only defendant in this action. Linglong Rubber will not produce documents in response to Request No. 2 from its affiliates or from Linglong North America, LLC and The Linglong Tire and Rubber Co. of North America,which are not affiliates of Linglong Rubber.   Linglong Rubber objects further to this request because and to the extent it is unlimited in time and is not limited to a time frame relevant to this litigation and to the issues involved. Linglong Rubber further objects to this request on grounds that it is overbroad and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 3:

All Documents relating to the relationship between Linglong North America, LLC or The

Linglong Tire and Rubber Company of North America, LLC, and any other company in the Linglong Group.

## OBJECTIONS TO REQUEST NO. 3:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber will construe this Request as demanding documents related only to Linglong Rubber's relationship with Linglong North America, LLC or The Linglong Tire and Rubber Company of North America, LLC, because Linglong Rubber is the only defendant in this action. Linglong Rubber will not produce documents in response to Request No. 3 from its affiliates or from Linglong North America, LLC and The Linglong Tire and Rubber Co. of North America which are not affiliates of Linglong Rubber. Linglong Rubber objects further to this request because and to the extent it is unlimited in time and is not limited to a time frame relevant to this litigation and to the issues involved. Linglong Rubber further objects to this request on grounds that it is overbroad and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

As explained in the sworn declaration of Wang Feng, General Manager of Linglong Rubber, dated December 18, 2009, filed previously in this action:

> On information, Linglong North America, LLC and The Linglong Tire and Rubber Company of North America, LLC are privately-owned corporations that are incorporated in Ohio. Those two corporations are not parents, subsidiaries or branches of Linglong Rubber and Linglong Rubber does not own any shares or have any business interest in Linglong North America, LLC or The Linglong Tire and Rubber Company of North America, LLC.

Linglong Rubber will construe this Request as demanding documents related to and in the custody and control of Linglong Rubber, the only defendant in this action.

**REQUEST NO. 4:**

All Documents relating to payments to Sam Vance.

**OBJECTIONS TO REQUEST NO. 4:**

Linglong Rubber incorporates its General Objections as if fully set forth herein.

Linglong Rubber will construe this Request as demanding documents related to, and in the

custody and control, of Linglong Rubber, the only defendant in this action.

**REQUEST NO. 5:**

All Documents and Communications with or relating to Ashley Vance that also relate to

any Mining Tire or line of Mining Tires.

**OBJECTIONS TO REQUEST NO. 5:**

Linglong Rubber incorporates its General Objections as if fully set forth herein.

Linglong Rubber objects to this request on the grounds that it is vague and ambiguous, including

the use of the name "Ashley Vance," who is unknown to Linglong Rubber and whose

relationship to the allegations in the Complaint is unexplained by reference to the Complaint or

the Document Requests.  Linglong Rubber also objects to this request because Linglong Rubber

has never created, developed, designed, engineered, or manufactured mining tires generally, or

the specific mining tires that are the subject matter of Plaintiffs' Complaint.  Linglong Rubber

will construe this Request as demanding documents related to and in the custody and control of

Linglong Rubber, the only defendant in this action.

**REQUEST NO. 6:**

All Documents relating to payments to Ashley Vance.

**OBJECTIONS TO REQUEST NO. 6:**

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is vague and ambiguous, including the use of the name "Ashley Vance," who is unknown to Linglong Rubber and whose relationship to the allegations in the Complaint is unexplained by reference to the Complaint or the Document Requests. Linglong Rubber will construe this Request as demanding documents related to and in the custody and control of Linglong Rubber, the only defendant in this action.

**REQUEST NO. 7:**

All Documents and Communications with or relating to Jordan Fishman.

**OBJECTIONS TO REQUEST NO. 7:**

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests documents that are in the possession, custody, or control of the Plaintiffs or third parties. Jordan Fishman is a Plaintiff in this action and has access to, custody, control, and knowledge of all communications with him. Linglong Rubber will construe this Request as demanding Documents and Communications with or relating to Jordan Fishman, that are in the custody and control of Linglong Rubber, the only defendant in this action.

**REQUEST NO. 8:**

All Documents and Communications with or relating to Alpha, including without limitation all Documents relating to the design, sale, price, functionality, quality, distribution,

9

purchasers, manufacturing cost or any other aspect of any Mining Tires or line of Mining Tires that Alpha designed, sold or distributed.

## OBJECTIONS TO REQUEST NO. 8:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint. Linglong Rubber will construe this Request as demanding Documents and Communications that are in the custody and control of Linglong Rubber, the only defendant in this action.

## REQUEST NO. 9:

All Documents and Communications relating to the sale of any Mining Tire by a Person or company in the Linglong Group or the Al Dobowi Group.

## OBJECTIONS TO REQUEST NO. 9:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber will construe this Request as demanding documents related to Linglong Rubber, the only defendant in this action. Linglong Rubber will construe this Request as demanding Documents and Communications that are in the custody and control of Linglong Rubber, the only defendant in this action. Linglong Rubber objects to this request because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint. Linglong Rubber objects further to this request because and to the extent it is unlimited in time and is not limited to a time frame relevant to this litigation and to the issues involved.

10

## REQUEST NO. 10

All Documents that identify customers who have purchased Mining Tires from the Linglong Group, the Al Dobowi Group or Alpha, including without limitation all customer lists prepared by a Person in the Linglong Group, a Person in the Al Dobowi Group, Sam Vance, Ashley Vance, or a present or former Alpha employee.

## OBJECTIONS TO REQUEST NO. 10:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is vague and ambiguous, including the use of the name "Ashley Vance," who is unknown to Linglong Rubber and whose relationship to the allegations in the Complaint is unexplained by reference to the Complaint or the Document Requests. Linglong Rubber also objects to this request to the extent it requests documents relating to any mining tires and is not limited to the mining tires at issue in the Complaint. Linglong Rubber also objects to this request because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint. Linglong Rubber further objects to this request on the grounds that it is vague and ambiguous due to the reference to "a present or former Alpha employee" because Plaintiffs have not provided the names of its present or former employees and that information is not known by or available to Linglong Rubber. In addition, Plaintiffs have defined sixteen (16) companies as being the Linglong Group and five (5) companies as being the Al Dobowi Group. This demand is not limited to the defendants in this action and the allegations in the Complaint. Linglong Rubber objects to the burden of searching for documents, if any exist, that are unrelated to the action and not reasonably calculated to lead to the discovery of admissible evidence. Linglong Rubber will construe this Request as

demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.

## REQUEST NO. 11

All Documents and Communications with or relating to Simon Ridgeway.

## OBJECTIONS TO REQUEST NO. 11:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is vague and ambiguous, including the use of the name "Simon Ridgeway," who is unknown to Linglong Rubber and whose relationship to the allegations in the Complaint is unexplained by reference to the Complaint or the Document Requests. Linglong Rubber further objects to the request on grounds that it is overbroad. Linglong Rubber will construe this Request as demanding Documents and Communications that are in the custody and control of Linglong Rubber, the only defendant in this action.

## REQUEST NO. 12

All Documents and Communications with or relating to Sandvik Mining and Construction.

## OBJECTIONS TO REQUEST NO. 12:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is vague and ambiguous, including the use of the name "Sandvik Mining and Construction," which is not defined, and whose relationship to the allegation in the Complaint cannot be established by reference to the

Complaint or Document Requests because the Complaint refers to "Sandvik Group."  Linglong Rubber will construe this Request as demanding Documents and Communications that are in the custody and control of Linglong Rubber, the only defendant in this action.  Linglong Rubber further objects to this request on grounds that it is overbroad.

## REQUEST NO. 13

All Documents and Communications with or relating to S & S Firestone, Inc.

## OBJECTIONS TO REQUEST NO. 13:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is vague and ambiguous, including the use of the name "S & S Firestone, Inc," which is not defined, and the relationship of which to the allegations in the Complaint cannot be established by reference to the Complaint or the Document Requests.  In addition, Linglong Rubber objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests documents that are not limited to the allegations in the Complaint and are in the possession, custody, or control of the Plaintiffs or third parties.  Linglong Rubber will construe this Request as demanding Documents and Communications that are in the custody and control of Linglong Rubber, the only defendant in this action.

## DOCUMENT REQUEST NO. 14

All Documents and Communications between any Employee in the Al Dobowi Group and any Employee in the Linglong Group.

13

**OBJECTIONS TO REQUEST NO. 14:**

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests documents that are in the possession, custody, or control of the Plaintiffs or third parties. Plaintiffs have defined sixteen (16) companies as being the Linglong Group and at least five (5) companies as being the Al Dobowi Group. This demand is not limited to the defendants in this action or the allegations in the Complaint. Linglong Rubber objects to the burden of searching for documents, if any exist, that are unreleated to the action and not reasonably calculated to lead to the discovery of admissible evidence. Linglong Rubber objects further to this request because and to the extent it is unlimited in time and is not limited to a time frame relevant to this litigation and to the issues involved. Linglong Rubber will construe this Request as demanding documents related to and in the custody and control of Linglong Rubber, the only defendant in this action.

**REQUEST NO. 15**

All Documents in the possession of a company within the Linglong Group relating to the development of any Mining Tire or line of Mining Tires (such as the Infinity line), including without limitation any time sheets or other Documents or databases reflecting that any person spent time or performed work, however minor, on the development of any Mining Tire.

**OBJECTIONS TO REQUEST NO. 15:**

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action. Linglong Rubber objects to this request because Linglong Rubber has never created, developed, designed,

engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint.

**DOCUMENT REQUEST NO. 16**

All drawings or blueprints relating to all Mining Tires.

**OBJECTIONS TO REQUEST NO. 16:**

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests all drawings and blueprints relating to any mining tires and is not limited to the mining tires at issue in the Complaint. Linglong Rubber also objects to this request because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint. Linglong Rubber will construe this Request as demanding drawings and blueprints that are in the custody and control of Linglong Rubber, the only defendant in this action.

**REQUEST NO. 17**

All Documents relating to all drawings or blueprints for all Mining Tires, including without limitation all Documents relating to the acquisition of such drawings or blueprints.

**OBJECTIONS TO REQUEST NO. 17:**

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests all drawings and blueprints relating to any mining tires

15

and is not limited to the mining tires at issue in the Complaint.  Linglong Rubber also objects to this request because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint.  Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.

## REQUEST NO. 18

All Documents relating to any effort or action by any Person or company in the Linglong Group to protect the secrecy or confidentiality of any aspect (including drawings, sizes, molds, or markings) of any Mining Tire or Mining Tire design, including without limitation any Mining Tire in the Infinity line.

## OBJECTIONS TO REQUEST NO. 18:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests all drawings and blueprints relating to any mining tires and is not limited to the mining tires at issue in the Complaint.  Linglong Rubber also objects to this request because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint.  Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.

## REQUEST NO. 19

All Documents and Communications relating to any sale or purchase of any Mining Tires

or molds used in the production of Mining Tires.

## OBJECTIONS TO REQUEST NO. 19:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests all documents and communications relating to any mining tires and is not limited to the mining tires at issue in the Complaint. Linglong Rubber also objects to this request because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint. Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.

## REQUEST NO. 20

All Documents and Communications relating to the determination of the price for any Mining Tire or line of Mining Tires, including without limitation any price list, any document relating to research regarding the price or value of Mining Tires, and any price set by a Person or company in the Linglong Group, a Person or company in the Al Dobowi Group, Sam Vance, Ashley Vance, Alpha or Fishman.

## OBJECTIONS TO REQUEST NO. 20:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests documents that are in the possession, custody, or control of the Plaintiffs or third parties. Alpha and Fishman are Plaintiffs in this action and the

17

documents requested that relate to Plaintiffs are within the custody and control of Plaintiffs. Linglong Rubber objects to this request on the grounds that it is vague and ambiguous, including the use of the name "Ashley Vance," who is unknown to Linglong Rubber and whose relationship to the allegations in the Complaint is unexplained by reference to the Complaint or the Document Requests.   Linglong Rubber also objects to this request because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint.  In addition, Linglong Rubber objects to this Request to the extent it requests documents relating to any mining tires and is not limited to the mining tires at issue in the Complaint.  Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.

## REQUEST NO. 21

All Documents and Communications relating to the cost to manufacture or distribute Mining Tires, including without limitation all Documents concerning the cost of Mining Tire components or raw materials, the cost to acquire or make Mining Tire molds, the cost to acquire or make Mining Tire blueprints, the weight of any Mining Tire or grouping of Mining Tires, or the cost to ship any Mining Tire or grouping of Mining Tires.

## OBJECTIONS TO REQUEST NO. 21:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests documents relating to any mining tires and is not limited to the mining tires at issue in the Complaint.  Linglong Rubber also objects to this request

because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint. Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.

## REQUEST NO. 22

All Documents and Communications relating to any payment from a Person or company in the Al Dobowi Group to a Person or company in the Linglong Group.

## OBJECTIONS TO REQUEST NO. 22:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests documents that are in the possession, custody, or control of the Plaintiffs or third parties. Plaintiffs have defined sixteen (16) companies as being the Linglong Group and five (5) companies as being the Al Dobowi Group. This Request is not limited to the defendants in this action, the allegations in the Complaint, or by the nature of the payment. Linglong Rubber objects to the burden of searching for documents, if they exist, that are unrelated to the action and not reasonably calculated to lead to the discovery of admissible evidence. Linglong Rubber objects further to this request because and to the extent it is unlimited in time and is not limited to a time frame relevant to this litigation and to the issues involved. Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.

## REQUEST NO. 23

All Documents and Communications relating to any payment from a Person or company in the Linglong Group to a Person or company in the Al Dobowi Group.

## OBJECTIONS TO REQUEST NO. 23:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests documents that are in the possession, custody, or control of the Plaintiffs or third parties. Plaintiffs have defined sixteen (16) companies as being the Linglong Group and five (5) companies as being the Al Dobowi Group. This demand is not limited to the defendants in this action, the allegations in the Complaint, or by the nature of the payment. Linglong Rubber objects to the burden of searching for documents that, if they exist, are unrelated to the action and are not reasonably calculated to lead to the discovery of admissible evidence. Linglong Rubber objects further to this Request because and to the extent it is unlimited in time and is not limited to a time frame relevant to this litigation and to the issues involved. Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.

## REQUEST NO. 24

All Documents relating to the revenue or profits made by any person or company in the Al Dobowi Group from the design, manufacture, sale, distribution, importation, exportation or transfer of any Mining Tires, any set of Mining Tires (including without limitation the Infinity line of Mining Tires) or any Mining Tire technology.

## OBJECTIONS TO REQUEST NO. 24:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests documents that are in the possession, custody, or control of the Plaintiffs or third parties. Plaintiffs have defined the Al Dobowi Group as including five (5) companies, but the Complaint contains allegations only related to Al Dobowi, Ltd. and Al Dobowi Tyre Company, LLC. Linglong Rubber objects to this request and to the burden for searching for documents, if any exist, that are unrelated to the allegations in the Complaint and not reasonably calculated to lead to the discovery of admissible evidence. Linglong Rubber also objects to this request because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint. In addition, Linglong Rubber objects to this request to the extent it requests documents relating to any mining tires and is not limited to the mining tires at issue in the Complaint.

## REQUEST NO. 25

All Documents relating to the revenue or profits made by each company in the Linglong Group.

## OBJECTIONS TO REQUEST NO. 25:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber will construe this Request as demanding documents related to Linglong Rubber, the only defendant in this action. Linglong Rubber objects to this request because Linglong Rubber has no income from mining tires, either from mining tires generally or the

mining tires that are the subject matter of the Complaint. Therefore, this Request is overly broad and unduly burdensome because the documents requested from Linglong Rubber are not relevant to the litigation, are not related to the allegations in the Complaint and are not reasonably calculated to lead to the discovery of admissible evidence. Linglong Rubber objects further to this Request because and to the extent it is unlimited in time and is not limited to a time frame relevant to this litigation and to the issues involved. In addition, Linglong Rubber objects to this request because and to the extent Plaintiffs, as potential competitors in the general tire market, seek documents or information constituting trade secrets or other confidential commercial, financial and/or propriety information. Linglong Rubber objects to the production of any such documents or information without entry of a Stipulated Protective Order.

## REQUEST NO. 26

All awards, plaques, framed weaponry, and any other commemorative item provided by Al Dobowi to Linglong, including the plaque pictured in Exhibits A-2 and A-3 to Plaintiffs Opposition to Al Dobowi's Motion to Dismiss, filed January 29, 2010 in the above-captioned matter.

## OBJECTIONS TO REQUEST NO. 26:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is vague and ambiguous, including its use of the term "Linglong," which is not defined. Linglong Rubber will construe this Request as demanding awards, plaques, framed weaponry, and any other commemorative item provided by Al Dobowi to Linglong Rubber, the only defendant in this action. There is no allegation regarding any Linglong Rubber affiliate in the Complaint and Linglong Rubber objects to this request because it is overly broad, unduly burdensome, seeks disclosure of information that is not

confined to the relevant issues in this case, is beyond the scope of the pleadings, is irrelevant to the subject matter of this action, and is not reasonably calculated to lead to discovery of admissible evidence.

## REQUEST NO. 27

All Documents and Communications relating to formulation of the term "Mine Handler" including any drafts, preliminary versions, revisions, notes, or other tangible items relating to the creative process from which the term "Mine Handler" evolved.

## OBJECTIONS TO REQUEST NO. 27:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action. Linglong Rubber objects to this request because and to the extent it seeks documents and information regarding mining tires because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint.

## REQUEST NO. 28

All Documents and Communications relating to the nature and extent of public use of the terms "Mine Handler" 1425x450-25, 1425x450-34, 57x2800-27, 57x2500-27, 48x2500-25.1, and 1320x355-23, *L-6T, L-6T+ and EDT* and "A Recap" including documents relating to sales of products containing these marks.

23

**OBJECTIONS TO REQUEST NO. 28:**

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests documents that are in the possession, custody, or control of the Plaintiffs or third parties. The allegations of the Complaint claim that Plaintiffs use these marks and documents and communications regarding such use are in the possession, custody, and control of Plaintiffs. Linglong Rubber further objects to this request on the grounds that it is vague and ambiguous as the Plaintiffs' use of term "public use" is unclear. Linglong Rubber objects to this request because and to the extent it seeks documents and information regarding mining tires because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint. Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.

**REQUEST NO. 29**

All Documents relating to the Commonwealth of Virginia, including without limitation all Documents relating to a Person, event, or activity in the Commonwealth of Virginia and all Communications with any Virginia resident or any Person located in the Commonwealth of Virginia.

**OBJECTIONS TO REQUEST NO. 29:**

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests documents that are in the possession, custody, or control

of the Plaintiffs or third parties. Plaintiffs have not sought or been granted discovery regarding issues of personal jurisdiction over Linglong Rubber. This request is not related to the allegations in the Complaint. Plaintiffs are referred to the Declaration of Wang Feng dated December 18, 2009 and the Reply Declaration of Wang Feng dated January 18, 2010 filed with the Court in support of Linglong Rubber's motion to dismiss. Linglong Rubber objects further to this request because and to the extent it is unlimited in time and is not limited to a time frame relevant to this litigation and to the issues involved. Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.

## REQUEST NO. 30

All Documents relating to the disclosure of information regarding the design, price, manufacturing costs, or transportation costs of any Mining Tire, line of Mining Tires, or group, set or batch of Mining Tires to any Person.

## OBJECTIONS TO REQUEST NO. 30:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests documents relating to any mining tires and is not limited to the mining tires at issue in the Complaint. Linglong Rubber also objects to this request because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint. Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.

## REQUEST NO. 31

All Documents relating to the volume of Mining Tires manufactured, produced, sold, imported, exported, distributed or transferred by any Person, company or corporate entity in the Al Dobowi Group or the Linglong Group.

## OBJECTIONS TO REQUEST NO. 31:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests documents that are in the possession, custody, or control of the Plaintiffs or third parties. Plaintiffs have defined sixteen (16) companies as being the Linglong Group and five (5) companies as being the Al Dobowi Group. This demand is not limited to the defendants in this action and the allegations in the Complaint. Linglong Rubber objects to the burden of searching for documents that, if any exist, are unrelated to the action and not reasonably calculated to lead to the discovery of admissible evidence. Linglong Rubber also objects to this request because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint. Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.

## REQUEST NO. 32

All Documents relating to all business plans developed, drafted, created or used in the design, manufacture, sale, distribution, importation, exportation or transfer of any Mining Tires, any set of Mining Tires (including the Infinity line of Mining Tires) or any Mining Tire

26

technology.

## OBJECTIONS TO REQUEST NO. 32:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request to the extent it requests documents relating to any mining tires and is not limited to the mining tires at issue in the Complaint. Linglong Rubber also objects to this request because Linglong Rubber has never created, developed, designed, engineered, or manufactured mining tires generally, or the specific mining tires that are the subject matter of Plaintiffs' Complaint. Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.

## REQUEST NO. 33

All Documents relating to any allegation in the Complaint.

## OBJECTIONS TO REQUEST NO. 33:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and to the extent it requests documents that are in the possession, custody, or control of the Plaintiffs or third parties. Many of the allegations in the Complaint are vague and confusing and Linglong Rubber cannot formulate a response to them. Furthermore, Linglong Rubber has pending a motion to dismiss all or parts of the Complaint. Under such circumstances a Request that Linglong Rubber produce documents related to all the allegations in the Complaint is overbroad and unduly burdensome. Furthermore, an analysis here of every allegation in the Complaint in order to state Linglong Rubber's objections to this Request is

unduly burdensome and exceeds the requirements of the Federal Rules of Civil Procedure because Linglong Rubber is not required to respond to the allegations in the Complaint at this time.   Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.

## REQUEST NO. 34

All Documents supporting any defense asserted or intended to be asserted by the Linglong Group.

## OBJECTIONS TO REQUEST NO. 34:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber will construe this Request as demanding documents related to, and in the custody and control of, Linglong Rubber, the only defendant in this action.  Linglong Rubber further objects because its affiliates are not defendants in, or parties to, this action and, therefore, are not asserting a defense.

## REQUEST NO. 35

All Documents intended to be used as exhibits at trial.

## OBJECTIONS TO REQUEST NO. 35:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is premature and exceeds the requirements of the Federal Rules of Civil Procedure, Local Rules, and Orders of this Court, including the scheduling orders.  Linglong Rubber will identify such documents in accordance with its obligations under the aforementioned rules.

28

## REQUEST NO. 36

All Documents and Communications provided to all experts consulted or retained by the Linglong Group.

## OBJECTIONS TO REQUEST NO. 36:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is premature and exceeds the requirements of the Federal Rules of Civil Procedure, including without limitation Fed. R. Civ. P. 26(a)(2) and 26(b)(4)(B), the Local Rules, and Orders of this Court, including the scheduling orders. Linglong Rubber will identify such documents in accordance with its obligations under the aforementioned rules. Linglong Rubber further objects to the request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

## REQUEST NO. 37

All Documents and Communications relating to reports provided to the Linglong Group by all experts consulted or retained by the Linglong Group, including all drafts and versions of such reports.

## OBJECTIONS TO REQUEST NO. 37:

Linglong Rubber incorporates its General Objections as if fully set forth herein. Linglong Rubber objects to this request on the grounds that it is premature and exceeds the requirements of the Federal Rules of Civil Procedure, including without limitation Fed. R. Civ. P. 26(a)(2) and 26(b)(4)(B), the Local Rules, and Orders of this Court, including the scheduling orders. Linglong Rubber will identify such documents in accordance with its obligations under

the aforementioned rules.  Linglong Rubber further objects to the request to the extent it seeks

information protected by the attorney-client privilege or work product doctrine.

DATED:  February 17, 2010                    Respectfully submitted,

                                                  /s/
                        Brandon H. Elledge (VSB# 45349)
                        brandon.elledge@hklaw.com
                        HOLLAND & KNIGHT LLP
                        1600 Tysons Boulevard, Suite 700
                        McLean, Virginia  22102
                        Telephone:      (703) 720-8015
                        Facsimile:      (703) 720-8610

                        and
                        Francesca Morris, Esq.  (admitted *pro hac vice*)
                        francesca.morris@hklaw.com
                        HOLLAND & KNIGHT LLP
                        195 Broadway
                        New York, New York  10007
                        Telephone:      (212) 513-3431
                        Facsimile:      (212) 385-9010
                        *Counsel for Defendant*
                        *Shandong Linglong Rubber Co. Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2010, I sent a copy of the foregoing, Defendant Shandong Linglong Rubber Co. Ltd.'s Objections to Plaintiffs' First Set of Requests for the Production of Documents, via email and regular mail to the following:

David B. Killalea (VSB# 29304)
killalead@gotofirm.com
William E. Copley (VSB# 43960)
copleyw@gotofirm.com
GILBERT LLP
1100 New York Avenue NW, Suite 700
Washington, DC  20005
Telephone:    (202) 772-2200
Facsimile:    (202) 772-2282

*Counsel for Plaintiffs*


Shelby Kelly (VSB# 44229)
shelby.kelley@bgpllp.com
Bracewell & Giuliani, LLP
2000 K Street, N.W., Suite 500
Washington, DC 20006

John H. Barr, Jr. (*admitted pro hac vice*)
john.barr@bgllp.com
James H. Caldwell (*admitted pro hac vice*)
james.caldwell@bgpllp.com
Bracewell & Giuliani, LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone:    (713) 223-2300
Facsimile:    (713) 221-1212

*Counsel for Al Dobowi Ltd.,*
*Al Dobowi Tyres Co. LLC, and*
*Al Dobowi Group*

31

_____/s/_____

Brandon H. Elledge (VSB# 45349)
brandon.elledge@hklaw.com
HOLLAND & KNIGHT LLP
1600 Tysons Boulevard, Suite 700
McLean, Virginia  22102
Telephone:    (703) 720-8015
Facsimile:    (703) 720-8610


and

Francesca Morris, Esq.  (admitted *pro hac vice*)

francesca.morris@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York  10019
Telephone:    (212) 513-3431
Facsimile:    (212) 385-9010


*Counsel for Defendant*
*Shandong Linglong Rubber Co. Ltd.*

# 9176452_v1

32