

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| IN RE: OUTSIDEWALL TIRE LITIGATION ) ) ) ) | C.A. No. 1:09cv1217<br>C.A. No. 1:09cv1218 |

## STIPULATED PROTECTIVE ORDER

Upon stipulation of the parties, and to provide protection for confidential, trade secret and certain other sensitive non-public information and materials which may be made available in the course of discovery in this case, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED THAT the following principles and procedures designed to assure the protection of proprietary or confidential documents and information shall govern any and all discovery among the parties:

1.  Scope of Order. Any person or entity that provides documents, materials and information, whether oral, written or demonstrative ("Producing Entity") to any party ("Receiving Party") in connection with this action that contain information of a confidential nature may designate such documents, material and information, whether in the form of documents, interrogatory answers, admissions, things, deposition testimony, or otherwise ("Designated Information") as falling within one of the following two categories of confidentiality, provided such designation is made in good faith: "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

2. <u>Definition of "CONFIDENTIAL."</u> For purposes of this Order, Designated Information that falls within the category of "CONFIDENTIAL" is information that a Producing Entity in good faith regards as confidential information.

3. <u>Definition of "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY."</u> For purposes of this Order, Designated Information that falls within the category of "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" is information that a Producing Entity in good faith reasonably regards as highly sensitive commercial and/or personal information.

4. <u>Definition of "Document"</u> or "Documents" for purposes of this Order, are used in the broadest sense permissible under Federal Rule of Civil Procedure 34, and includes without limitation: (a) correspondence, memoranda, records, letters, telegrams, reports, notes, drafts, books, records, papers, minutes, schedules, tabulations, computations, lists, ledgers, journals, purchase orders, sales contracts, employment contracts, any other form of contract, invoices, agreements, vouchers, accounts, checks, books of original entry, receipts, recordings, affidavits, diaries, calendars, desk pads, drawings, blueprints, photostats, motion pictures, slides, photographs, sketches, charts, graphs, or any written or printed matter or tangible thing on which any words or phrases are affixed; (b) information contained in any computer, electronic, digital, or tape-recorded format or media, including any computer or electronic database, electronic mail or "e-mail," translated, if necessary into reasonably usable form; (c) originals and copies, any and all drafts and all copies that contain any notation not on the original; and (d) Communications.

5. <u>Manner of Designation of Confidential Material</u>. All or any portion of a document may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" provided such designation is made in good faith. Once Designated Information is

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS EYES ONLY," production or disclosure of that document, material or information shall be governed by the terms of this Order unless such designation is withdrawn, either by agreement of the Producing Entity or by order of the Court. For purposes of this Order, any confidential designation shall thereafter include all copies of such materials delivered to or maintained by the Receiving Parties, their counsel and experts, as well as all summaries, studies, reports, exhibits, illustrations, or other materials or communications of any kind, created by experts, consultants or others, based upon, referring to, revealing, including, or incorporating in any way, in whole or in part, such confidential materials. Documents shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" after review by an attorney for the Producing Entity by affixing the appropriate confidential designation on each such page.

In the event that a Producing Entity inadvertently fails to designate any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" in accordance with the foregoing procedure, the Producing Entity shall provide supplemental written notice designating the material under the appropriate confidential designation as soon as practicable and the Receiving Party shall make a good faith effort to stamp the appropriate confidential designation on each such page, and all copies thereof, and, from that point forward, treat such material in all respects as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

With respect to any deposition exhibit or transcript, or any portion thereof, the confidential designation shall be made on the record at the deposition or within fifteen (15) days of receipt of the deposition transcript by the Producing Entity. The party conducting the deposition shall bear the burden of ensuring that the cover page, those portions of the original

transcripts and all copies of deposition transcripts which contain protected subject matter shall bear the legend "CONFIDENTIAL - Subject to Protective Order" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" - Subject to Protective Order" and shall be bound separately from the non-confidential portion of the transcript. With respect to answers to interrogatories, responses to requests for production of documents, and responses to requests for admission, the confidential designation shall be made on the first page of any such set of answers or responses and on each succeeding page that contains information designated as confidential.

6. <u>Disputes Concerning Propriety of Confidential Designation</u>. Any party may dispute the designation of particular Designated Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS EYES ONLY." If the Receiving Party believes that material which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" should not be so designated, such party, after first attempting to resolve the dispute informally among counsel in accordance with the meet and confer requirements of this Court, may submit such dispute to the Court, by duly noticed written motion, for resolution. Material or information claimed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" that is subject to a dispute as to the degree of disclosure allowed or as to whether it is in fact confidential material or information shall, until further order of the Court, be treated according to its originally designated level of confidentiality in accordance with the provisions of this Order notwithstanding the existence of such dispute. The Producing Entity shall bear the burden of proof as to whether its designation is proper.

7. <u>Persons To Whom Material May Be Disclosed</u>. Counsel for the Receiving Party who obtains a document or information designated as "CONFIDENTIAL" under this Order shall

not disclose or permit disclosure of such information or document (and any of its contents or any information revealing the contents of such a document) to any other person or entity, except in the following circumstances:

    a.     <u>The Receiving Party and His or Its Agents.</u> Disclosure may be made to the Receiving Party and to those agents of the Receiving Party to whom it is necessary that said Designated Information be shown solely for purposes of this civil action or any appeal therein. Any agent of the Receiving Party to whom disclosure is made shall be advised of the provisions of this Order, and agree to be bound by this Order by executing the Confidentiality Agreement annexed hereto as Exhibit A, requiring that documents or information designated as confidential material (and their contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this paragraph.

    b.     <u>Attorneys for the Receiving Party.</u> Disclosure may be made to the attorneys for the Receiving Party and regular employees and support staff of such attorneys.

    c.     <u>Experts and Consultants.</u> Disclosure may be made to consultants or experts employed by an attorney for the Receiving Party to assist counsel in the preparation for, and proceedings concerning, this litigation, and to employees or support staff of such consultants or experts who are involved with assisting the consultant or expert as part of his employment in connection with this action. Prior to disclosure to any expert or consultant and his or her support staff, such expert or

consultant must agree to be bound by the terms of this Order by executing the Confidentiality Agreement annexed hereto as Exhibit A. An attorney who discloses such confidential documents or other Designated Information to any expert or consultant and his or her support staff shall retain the signed Confidentiality Agreement so that the Agreement may be submitted to the Court for an in camera inspection in the event of a dispute between the parties regarding the disclosure of confidential material to such expert or consultant.

    d.    <u>Others.</u> Disclosure may be made to persons called to testify under oath in the context of a deposition in connection with the prosecution/defense of this civil action, but only if such persons are informed of the terms of this Agreed Protective Order, provided with a copy of this Order, informed on the record that they are bound by the terms of this Order and are required not to disclose information contained in the documents to any other person.

    e.    <u>The Court.</u> Disclosure may be made at any time to the Court or any Judge, clerk, or court employee with responsibility over any aspect of this civil action; provided, however, that any such disclosure shall comply with Paragraph 10 herein.

8.    <u>Persons to whom "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" Material May be Disclosed.</u> Counsel for the Receiving Party who obtains a document or information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" under this Order shall not disclose or permit disclosure of such information or document (and any of its

contents or any information revealing the contents of such a document) to any other person or entity, except in the following circumstances:

    a.    <u>Attorneys for the Receiving Party</u>. Disclosure may be made to the attorneys for the Receiving Party and regular employees and support staff of such attorneys.

    b.    <u>Experts and Consultants</u>. Disclosure may be made to consultants or experts employed by an attorney for the Receiving Party to assist counsel in the preparation for, and proceedings concerning, this litigation, and to employees or support staff of such consultants or experts who are involved with assisting the consultant or expert as part of his employment in connection with this action. However, disclosure may not be made to any such consultant or expert who has served as an employee, officer, director, independent contractor or paid consultant (for purposes other than this litigation) of a party to this case during the past ten years. Prior to disclosure to any expert or consultant and his or her support staff, such expert or consultant must agree to be bound by the terms of this Order by executing the Confidentiality Agreement annexed hereto as Exhibit A. An attorney who discloses such confidential documents or other Designated Information to any expert or consultant and his or her support staff shall retain the signed Confidentiality Agreement so that the Agreement may be submitted to the Court for an in camera inspection in the event of a dispute between

the parties regarding the disclosure of confidential material to such expert or consultant.

    c.    <u>Persons Called to Testify.</u> Prior to trial, the Court will determine the extent, if any, to which persons called to testify under oath at trial in this civil action may be shown during their testimony documents designated "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY." If a witness is allowed by the Court to view HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" information, o the witness will not be allowed to retain copies of such documents. In addition, the witness will be informed of the terms of this Agreed Protective Order, provided with a copy of this Order, informed on the record that they are bound by the terms of this Order and will be required not to disclose information contained in the documents to any other person.

    d.    <u>The Court</u>. Disclosure may be made at any time to the Court or any Judge, clerk, or court employee with responsibility over any aspect of this civil action; provided, however, that any such disclosure shall comply with Paragraph 10 herein.

Any person who views documents or information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" is specifically prohibited from disclosing the HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY information to any person not permitted to view such information under the above terms. The parties to these actions specifically are prohibited from viewing, seeing, or reviewing documents or information

designated as "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" outside of the context of testimony on the record during a deposition or trial as set forth above in subsection (c).

9. <u>No Use Permitted For Purposes Other Than This Action.</u> Documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" under this Order (and their contents or information revealing their contents) shall not be used or disclosed by any party, or person to whom disclosure has been made under this Order, in: (a) any proceeding other than one associated with this civil action; (b) for business or competitive purposes; (c) any filing or submission to the United States Patent and Trademark Office or any non-U.S. equivalent; and/or (d) for any purpose whatsoever other than the preparation for, and proceedings relating to, this civil action and any appeal therein.

10. <u>Filing Designated Information with the Court.</u> No party may file with the Court any documents containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" Designated Information or any pleading, brief, or other document that quotes the contents of or incorporates any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" Designated Information unless the portion of such document, pleading or brief that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" Designated Information is filed under seal. The parties agree to file a motion to seal regarding this Order in open court and submit a non-confidential memorandum explaining the need for a sealing Order in accordance with Local Rule 5 and paragraph 8 of the Rule 16(b) Scheduling Order issued by this Court in this action.

11. <u>Copies and Confidential Material.</u> Counsel for the parties understand the sensitive nature of any Designated Information, and agree to limit their copying of any Designated Information to that which is necessary for the orderly and efficient prosecution/defense of this civil action. Copies of confidential documents, and the documents prepared by an expert or consultant that incorporate or reveal Designated Information or information from confidential documents, shall be subject to the same treatment hereunder as are the original documents or information produced.

12. <u>No Waiver Or Admission.</u> The designation of any document, deposition exhibit, deposition transcript, answer to interrogatory, response to request to produce, response to request for admission or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" is intended solely to facilitate preparation for trial, and treatment in conformity with such designation will not be construed in any way as an admission or agreement that the designated document or information contains any trade secret or confidential information in contemplation of law. "The Defendants reserve the right to request to the Court that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" designations on documents made under this Order that are used for trial exhibits be redacted for trial. Plaintiffs disagree with such removal of designations.

13. <u>Notification Upon Improper Disclosure.</u> If any Designated Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Producing Entity whose information is disclosed of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name,

address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

14. <u>Disposition Of Confidential Material Upon Final Determination Of This Action.</u> Within sixty (60) days following the final determination of this civil action, unless otherwise agreed to in writing by counsel for all parties, each party shall, through its counsel, complete and deliver to the Producing Entity a certificate in the form attached hereto as Exhibit B ("Certificate"), certify that they have performed or caused to be performed a complete and thorough search of their files, counsel's files, and the files of those to whom they distributed any confidential materials covered by this Order, and that, to the best of their knowledge, all such files have been purged of all such confidential materials, except for attorney work-product. Pursuant to the terms of the Certificate each party and its counsel shall further certify that, to the best of their knowledge, all confidential materials delivered to it, including confidential materials now in its control or the control of persons to whom it distributed such information, have either been assembled and delivered with the Certificate or, to the extent not so delivered, that all such confidential materials (except for attorney work product) have been destroyed. Notwithstanding anything contained herein to the contrary, counsel shall be permitted to retain copies of all court filings, transcripts, exhibits and work product containing or reflecting confidential materials; provided, however, that they shall treat such materials accordingly to their original confidential designations.

15. <u>No Restriction On Producing Entity's Use Of Confidential Materials.</u> Notwithstanding any other provision of this Order, the Producing Entity which has designated material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY"

does not thereby lose the freedom to deal with its own documents or information in the manner of its own choosing.

16. <u>No Restriction on Receiving Party's Use of Materials in Its Possession Before Commencement of This Action</u>. Notwithstanding any other provision, this Order does not alter the right of any party regarding documents that such party legally possessed prior to the initiation of the current civil action or the obligation of any party to cease and desist using information, for purposes unrelated to the litigation of this case, that such party obtained illegally. This Order shall not expand or limit the rights of any party to demand additional information during the course of discovery on any grounds. This Order shall not inhibit the dissemination or use of any Designated Information if that information has been or is obtained by the Receiving Party from: (a) sources which are public, and/or (b) sources other than the Producing Entity under circumstances that place no restriction on the use or disclosure of the information by the Receiving Party. If a party intends to disseminate or use any Designated Information outside the litigation in accordance with this section, they will provide all parties with ten (10) days notice of such use or dissemination. This section does not authorize or validate the use or disclosure of information obtained by improper means. Nothing in this Order or in any party's compliance with its provisions shall be construed to preclude a party from seeking and obtaining Designated Information or other information either informally or by discovery request or other judicial process in this civil action. This section is in no way a waiver of any party's right to assert or seek relief from the Court to designate materials or keep materials from being used or disseminated outside this litigation that may have been obtained by another Party prior to the litigation.

17.   **No Waiver.** The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of Designated Information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

18.   **Inadvertent Production of Privileged Information.** The inadvertent production of any discovery material during this civil action shall be without prejudice to any claim that such discovery material is either privileged or protected from discovery as work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure or other applicable laws, and no party shall be held to have waived any rights by such inadvertent production.. In the event of any inadvertent disclosure, the parties will proceed in accordance with Rule 26(b)(5)(B). In the event a Receiving Party discovers that it has received documents protected by the attorney-client privilege, the work-product doctrine, or other privilege, the Receiving Party shall bring that fact to the attention of the producing party immediately upon discovery and proceed in accordance with Rule 26(b)(5)(B).

19.   **Further Motions Not Precluded:** Entry of this Order shall be without prejudice to any motion for relief from the provisions hereof or to any motion for further restriction on the production, exchange, or use of any document or to any motion for further restriction on the production, exchange, or use of any document or other information in the course of this action; provided, however, that no such motion shall be made after the entry of a final judgment or settlement.

20.   **Inadvertent Failure to Designate:** Inadvertent failure to designate materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" at the time of production or the designation of such materials at a lower level of confidentiality than

warranted pursuant to this Order may be remedied by supplemental written notice given by the producing party. Upon receipt of such notification, all documents, materials, or testimony so designated or redesignated shall be fully subject to this Order as if it had been initially so designated; provided, however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation. The party receiving such notice shall make a reasonable good faith effort to ensure that any analyses, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any such designation or redesignation.

21. <u>Enforceability</u>: The parties agree to treat all designated material produced prior to entry of this Order in accordance with the terms of this Order.

**AGREED AND STIPULATED TO:**

JORDAN FISHMAN

By his Attorneys

_____/s/_____
David B. Killalea
Virginia Bar No. 29304
William E. Copley
Virginia Bar No. 43960
Attorneys for Plaintiff Jordan Fishman
Gilbert LLP
1100 New York Ave., NW, Suite 700
Washington, DC 20005
Telephone: (202) 772-2200
Facsimile: (202) 772-2282
killalead@gotofirm.com
copleyw@gotofirm.com

TIRE ENGINEERING & DISTRIBUTION, LLC

By its Attorneys
_____/s/_____
David B. Killalea
Virginia Bar No. 29304
William E. Copley
Virginia Bar No. 43960
Attorneys for Plaintiff Tire Engineering & Distribution, LLC
Gilbert LLP
1100 New York Ave., NW, Suite 700
Washington, DC 20005
Telephone: (202) 772-2200
Facsimile: (202) 772-2282
killalead@gotofirm.com
copleyw@gotofirm.com

AL DOBOWI LTD.

By its Attorneys

_____/s/_____
Shelby J. Kelley
Virginia Bar No. 4429
Attorney for Defendant Al Dobowi Ltd.
Bracewell & Giuliani LLP
2000 K Street, NW, Suite 500
Washington, DC 20006
Telephone: (202) 828-5859
Facsimile: (202) 857-02117
shelby.kelley@bgllp.com

AL DOBOWI TYRE COMPANY, LLC

By its Attorneys

_____/s/_____
Shelby J. Kelley
Virginia Bar No. 4429
Attorney for Defendant Al Dobowi Ltd.
Bracewell & Giuliani LLP
2000 K Street, NW, Suite 500
Washington, DC 20006
Telephone: (202) 828-5859
Facsimile: (202) 857-02117
shelby.kelley@bgllp.com

BCATCO A.R.L.

By its Attorneys

_____/s/_____
David B. Killalea
Virginia Bar No. 29304
William E. Copley
Virginia Bar No. 43960
Attorneys for Plaintiff Bcatco A.R.L.
GILBERT LLP
1100 New York Ave., NW, Suite 700
Washington, DC 20005
Telephone: (202) 772-2200
Facsimile: (202) 772-2282
killalead@gotofirm.com
copleyw@gotofirm.com

BEARCAT TIRE ARL

By its Attorneys

_____/s/_____
David B. Killalea
Virginia Bar No. 29304
William E. Copley
Virginia Bar No. 43960
Attorneys for Plaintiff Bearcat Tire ARL
GILBERT LLP
1100 New York Ave., NW, Suite 700
Washington, DC 20005
Telephone: (202) 772-2200
Facsimile: (202) 772-2282
killalead@gotofirm.com
copleyw@gotofirm.com

AL DOBOWI GROUP

By its Attorneys

_____/s/_____
Shelby J. Kelley
Virginia Bar No. 4429
Attorney for Defendant Al Dobowi Ltd.
Bracewell & Giuliani LLP
2000 K Street, NW, Suite 500
Washington, DC 20006
Telephone: (202) 828-5859
Facsimile: (202) 857-02117
shelby.kelley@bgllp.com

SHANDONG LINGLONG RUBBER CO. LTD.

By its Attorneys

_____/s/_____
Brandon H. Elledge
Virginia Bar No. 45349
Attorney for Defendant Shandong Linglong Rubber Co. Ltd.
Holland & Knight LLP
1600 Tysons Blvd., Suite 700
McLean, VA 22102
Telephone: (703) 720-8015
Facsimile: (703) 720-8610
brandon.elledge@hklaw.com

**IT IS ORDERED** that the foregoing Protective Order agreed to by the parties shall govern the disclosure and use of confidential information in this action. Dated: April \_\_, 2010

_[signature]_ /s/
Ivan D. Davis
United States Magistrate Judge

## **EXHIBIT A**

## **CONFIDENTIALITY AGREEMENT**

I have reviewed the Stipulated Protective Order, dated April __, 2010 (the "Protective Order") in the matter entitled <u>In re Outsidewall Tire Litigation</u>, No. 1:09-cv-1217 and No. 1:09-cv-1218 (E.D. Va.). I understand that pursuant to the Protective Order, information disclosed in this matter through discovery shall be held confidential pursuant to the terms of the Protective Order. I hereby agree to maintain the confidentiality of all such confidential information in accordance with the terms of the Protective Order.

Dated at_____, this of_____, 2010

Signature:_____

Printed Name:_____

Printed Address:_____

_____

## EXHIBIT B

## CERTIFICATE

The undersigned hereby certify to _____("Producing Entity"), on behalf of _____ and pursuant to the Stipulated Protective Order ("Protective Order") entered in <u>In re Outsidewall Tire Litigation</u>, No. 1:09-cv-1217 and No. 1:09-cv-1218 (E.D. Va.), pending in the United States District Court for the Eastern District of Virginia, that they have performed or caused to be performed a complete and thorough search of their files and the files of those to whom they distributed any Designated Information covered by the Protective Order, and that to the best of their knowledge, all such files have been purged of all such Designated Information (except for court filings, transcripts, exhibits, and work product containing or reflecting Designated Information). The undersigned further certify that all Designated Information delivered to them by the Producing Entity, including Designated Information now in their control or the control of persons to whom they distributed such information, have, to the best of their knowledge, either been assembled and are delivered herewith or, to the extent any such Designated Information is not so delivered, all such Designated Information has been destroyed. The undersigned acknowledges that all court filings, transcripts, exhibits, and work product containing or reflecting Designated Information shall continue to be treated as confidential under the terms of the Protective Order.

By:_____ As

Counsel for

Date: _____