**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| **IN RE: OUTSIDEWALL TIRE LITIGATION** ) ) ) ) ) ) ) ) | Case No. 1:09-cv-1217 (TSE/IDD) Case No. 1:09-cv-1218 (TSE/IDD) **Case No. 1:09-cv-1217 (TSE/IDD)** |

**REPLY MEMORANDUM IN SUPPORT OF TYREX INTERNATIONAL LTD.'S AND TYREX INTERNATIONAL RUBBER CO., LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER SERVICE**

Defendants Tyrex International Ltd. ("Tyrex Dubai") and Tyrex International Rubber Co., Ltd. ("Tyrex China") (collectively, "Tyrex defendants"), by and through their counsel, submit this reply memorandum of law in support of their motion to dismiss this action pursuant to Federal Rules of Civil procedure 12(b)(2) and 12(b)(5) as follows ("Defendants' Motion").

**I.
INTRODUCTION**

Regardless of any factual disputes Plaintiffs attempt to introduce into the consideration of the Tyrex defendants' Motion to Dismiss, either by way of the contradictory testimony from a convicted felon or innuendo, they have indisputably failed to comply with the statutory requirements of service of process. Plaintiffs were required to list the Tyrex defendants' last known address for service through the Secretary of the Commonwealth of Virginia and they did not. Moreover, Virginia's curing statute is only triggered if the Tyrex defendants actually received process, which they never did, and Plaintiffs cannot possibly show otherwise. The claims against the Tyrex defendants must be dismissed. Otherwise, Rule 12(b)(5) of the Federal Rules of Civil Procedure would serve no purpose in Virginia.

Furthermore, the Court lacks personal jurisdiction over the Tyrex defendants, which do not conduct business in the Commonwealth of Virginia and have not purposefully directed sufficient activity into Virginia. It would also offend traditional notions of fair play and substantial justice for the Court to exercise jurisdiction over the Tyrex defendants.

## II.
## RELEVANT FACTS

Plaintiffs allege that the Tyrex defendants, along with the other defendants, misappropriated or conspired to misappropriate various trade secrets, customer lists, copyrights, and trademarks related to Plaintiffs' mining tires. This suit was original filed on October 28, 2009 after a delay of over 4 years from when Plaintiffs brought a suit in Florida pertaining to the exact same set of facts and occurrences, and the Tyrex defendants were added to the Second Amended Complaint on March 12, 2010.

Plaintiffs purportedly served the Tyrex defendants with their Second Amended Complaint through the Secretary of the Commonwealth of Virginia on or about April 30, 2010.[1] Plaintiffs swore under oath that the last known address of the Tyrex defendants was 131 2nd Street, Mina Jebel Ali Freezone, Dubai, United Arab Emirates. As stated, the Tyrex defendants have never used this address, and Plaintiffs failed to serve the Tyrex defendants or Kandhari.

Plaintiffs claim this Court has personal jurisdiction over the Tyrex defendants because of a meeting in Richmond, Virginia allegedly involving both the Tyrex defendants and Vance. The meeting, however, had nothing whatsoever to do with the claims asserted by Plaintiffs in this action. Indeed, Tyrex China was not even formed as an entity until 2006. Again, Plaintiffs attempt to rely upon the improper and objectionable declaration of John Canning, who was convicted of tax fraud and whose declaration is directly contrary to his sworn deposition

---

[1] Dkt. Nos. 94 and 95.

testimony.[2] This is Plaintiffs' only alleged proof on the issue. In reality, Kandhari traveled to Richmond, Virginia in June of 2005 on behalf of Tyrex Dubai for the sole purpose of discussing the possibility of Tyrex Dubai selling Carpenter Company's tire fill product to customers outside of the United States of America.[3] There was no discussion about mining tires, and Kandhari did not enter into any agreement or conspiracy with Vance while in Richmond, Virginia.[4]

The Tyrex defendants are foreign entities with no officers, directors, employees, or consultants in the United States, let alone Virginia, and they do not transact business in Virginia.[5] They Tyrex defendants have no presence in Virginia whatsoever, and neither company has ever been registered, incorporated or otherwise authorized to conduct business in Virginia.[6] The attendance of Kandhari on behalf of Tyrex Dubai at a single meeting in Virginia, where matters wholly irrelevant to this action were discussed, does not change this fact.

### III.
### ARGUMENT

**A.     Plaintiffs' Purported Service on the Tyrex Defendants is Improper.**

Plaintiffs make various unsupportable allegations as to the Tyrex defendants' headquarters and management that do not alter the fact that Plaintiffs failed to serve them. Plaintiffs failed to meet the requirements for service of process under Virginia Code § 8.01-329(B), as Plaintiffs provided an affidavit swearing to a last known address for the Tyrex defendants that has never existed. Plaintiffs never attempted to find the Tyrex defendants' actual

---

[2] *See generally* Reply Memorandum in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim, Dkt. No. 28.
[3] *See* Declaration of Surender S. Kandhari, Exhibit 1 to Memorandum in Support of Tyrex International Ltd. and Tyrex International Rubber Co., Ltd's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Service ("Exhibit 1 to Motion").
[4] *See id.*
[5] *See id.*
[6] *See id.*

address,[7] instead merely lumping them in with the other defendants and cavalierly attempting to disregard the defendants' corporate forms. Under Plaintiffs' argument, Virginia's curing statute and case law would render Rule 12(b)(5) a complete nullity.

The head office for the Tyrex defendants is not, and never has been, 131 2nd Street, Mina Jebel Ali Freezone, Dubai, no matter how many times Plaintiffs claim it to be true. Plaintiffs simply could not "reasonably have expected mail to be actually received" by the Tyrex defendants at that address as required by Virginia law, because their address was at all times MOO 331 Jebel Ali Free Zone, United Arab Emirates.[8] *See Cordova v. Alper*, 64 Va. Cir. 87, 118-120 (Va. Cir. 2004) (quashing service of process where plaintiff affirmed a last known address that was five years old and obsolete and could have gathered reasonably available information denoting that the address was no longer in use). The Tyrex defendants are not the same as the Al Dobowi defendants and have different ownership.

All of Plaintiffs' alleged proof amounts to insinuation, as none of their evidence has specifically stated (or could state) that the Tyrex defendants reside at 131 2nd Street, Mina Jebel Ali Freezone. The unconverted proof from non-served defendant Surender Kandhari shows that this is not and was never the address of the Tyrex defendants. Because Plaintiffs failed to even attempt to serve the Tyrex defendants at their actual address, these defendants have never received process in this case and should be dismissed under FRCP 12(b)(5) due to improper service. *See id.*; *see also Philipp Bros., Inc. v. M/V Ocea*, 144 F.R.D. 312, 315 (E.D. Va. 1992) (finding that fact that address listed in affidavit was never defendant's address was one "crucial mistake" that offended due process principles and rendered service of process void).

---

[7] In fact, Plaintiffs' counsel affirmatively chose not to serve the Tyrex defendants while they were in Dubai for depositions.

[8] *See* Exhibit 1 to Motion.

Plaintiffs cite to *Hertz Corp. v. Friend* in an attempt to lump all of the defendants together and conveniently package them in the same headquarters. *See* 130 S. Ct. 1181 (2010). However, this case is inapposite for several reasons. First of all, the Court was addressing the principal place of business in the context of establishing diversity jurisdiction, not the context of a party's failure to attempt to serve a defendant at the proper address. *See id*. at 1185-86. Second, the *Hertz* Court was faced with a single defendant that could have possibly been a citizen of several different states based on its business activities in those states. *See id.* at 1186. In such situations, the "nerve center" test is appropriate. In this case, the Tyrex defendants have never had any presence at 131 2nd Street, Mina Jebel Ali Freezone, Dubai, and that is precisely the point – they cannot be served at an address they never possessed. The Supreme Court did not address anything remotely similar to Plaintiffs' efforts to unilaterally declare one address the "nerve center" of a company simply because a related company was headquartered there.[9]

Furthermore, the notice curing statute cited by Plaintiffs, Virginia Code § 8.01-288, only provides that process is sufficient when it actually reaches the person to whom it is directed within the time prescribed. The Tyrex defendants have not received process in this case, in direct contrast to the cases cited by Plaintiffs. *See, e.g.*, *Binder v. Washington Gas-District of Columbia Div.*, No. 2:95cv319, 1995 WL 842001, at *4 (E.D. Va. Oct 6, 1995) (defendant admitted that process was received and not untimely); *First Assembly of God of Alexandria, Inc. v. Cathedral Design & Constr., Inc.*, No. 08-1053, 2009 WL 1392541, at *4 (E.D. Va. May 15, 2009) (defendant was in actual possession of the complaint and engaged in settlement discussions). Furthermore, this is not a situation comparable to *Rux v. The Republic of Sudan*, in

---

[9] While it is true that counsel for Al Dobowi initially represented that the Al Dobowi companies had consolidated financial statements, counsel was incorrect and subsequently advised Plaintiffs' counsel accordingly.

which the Sudanese embassy in the United States received service, but the actual, entire country of Sudan claimed that it was not served properly. *See generally,* Case No. Civ. A. 2:04cv428, 2005 WL 2086202 (E.D. Va. August 26, 2005). Plaintiffs cannot be permitted to serve any company they choose that is related to company X and claim that it constitutes sufficient service on company X to meet constitutional and statutory standards. That is simply not the case, and would flout not only the Constitution, but the law governing business entities.

Under Plaintiffs' rationale, the entire purpose of Rule 12(b)(5) would be rendered meaningless in Virginia. It is Plaintiffs' burden of proof to establish proper service, and they cannot do so. A court cannot constitutionally exercise jurisdiction over a defendant who was not properly served, Plaintiffs' overreaching reading of Virginia's curing statute cannot trump constitutional requirements, and the Tyrex defendants should be dismissed from this suit because they have not been served.[10]

**B.     This Court Does Not Have Personal Jurisdiction Over the Tyrex Defendants.**

With respect to personal jurisdiction, it must be reiterated that Plaintiffs' key witness, John Canning, was convicted of tax fraud, a crime of moral turpitude, and his testimony is not truthful. Not surprisingly, Canning's Declaration is contradicted by his own previous sworn testimony on several key points, and the Declaration must be disregarded.[11] *Hernandez v. Trawler Miss Vertie Mae, Inc.*, 187 F.3d 432, 438 (4th Cir. 1999) (upholding the district court's decision to disregard an affidavit because it contradicted the witness's prior deposition testimony). Such testimony should not be considered.[12] *See Hernandez*, 187 F.3d at 438.

---

[10] The Court previously stated that any defendant that has not been served close to trial would be dismissed. Trial is set for July 6, 2010.

[11] *See generally* Dkt. No. 28.

[12] Notably, the Fourth Circuit in *Brooks v. Motsenbocker Advanced Developments, Inc.* was not faced with a conflicting affidavit from a convicted felon who contradicted prior sworn testimony. *See* 242 Fed. Appx. 889 (4th Cir. 2007). That case is inapplicable to this one.

Plaintiffs bear the burden of establishing, by a preponderance of the evidence that the Tyrex defendants are subject to this Court's jurisdiction, and they cannot do so based on Canning's contradictory testimony and the remaining record before the Court. *See Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Plaintiffs attempt to argue that Sam Vance was an employee of Tyrex and that establishes jurisdiction. Plaintiffs' discredited witness, Canning, specifically testified in his June 11, 2007 deposition (before he contradicted that testimony with his Declaration) that Vance was paid as a consultant and was not an employee of Tyrex. Additionally, the evidence shows that Vance was retained by Tyrex Dubai through a consulting company he created, Paragon Marketing, Inc., and Vance's consulting services were paid by wire transfer.[13] Vance was not an employee for the Tyrex defendants, and his actions are insufficient to establish personal jurisdiction. At any rate, it is the representations of the purported principal, not the purported agent, that are determinative. *See Cactus Pipe & Supply Co., Inc. v. M/V Montmartre*, 756 F.2d 1103, 1112 (5th Cir. 1985) ("An agent cannot confer authority upon himself."); *Karavos Compania Naviera S.A. v. Atlantica Export Corp.*, 588 F.2d 1, 10 (2d Cir. 1978) (same). The Tyrex defendants did not employ Vance, and his consulting company was paid as an independent contractor.[14]

Thus, Plaintiffs present no evidence of Tyrex's presence in the state and no case law that supports exercising jurisdiction under these circumstances. The case of *John G. Kolbe, Inc. v. Chromodern Chair Co.* is inapposite, as the transaction that formed the basis of the suit took place in Virginia and the Virginia resident in that case was given explicit authority to represent the company in the disputed transaction. *See* 180 S.E.2d 664, 665, 667-68 (Va. 1971). *English*

---

[13] *See* Exhibit B to Dkt. No. 28, at ¶ 5.
[14] Furthermore, the Kandharis recently testified in deposition that they did not have any office in Tazewell, Virginia.

*& Smith v. Metzger* is similarly distinguishable, as it involved a contract agreement with the injured party, a Virginia attorney who was hired for work performed in Virginia. *See* 901 F.2d 36, at 38-39 (4th Cir. 1990). In this case, there was no transaction in Virginia at all, and the acts of Vance, a non-agent consultant, do not constitute purposeful availment on the part of the Tyrex defendants as required by Virginia law. *See Consulting Eng'rs Inc. v. Geometric Ltd.*, 561 F.3d 273, 278 (E.D. Va. 2007) (internal citation omitted). Furthermore, the Tyrex defendants have neither directed sufficient activities toward nor conducted activities in Virginia. *See id.* No one from Tyrex or Al Dobowi had any contact with Paula Owens whatsoever.[15] In fact, Plaintiffs' allegations regarding Paula Owens have been disproven in her recent deposition in this case. Communications between the Tyrex defendants and Vance are also insufficient to create personal jurisdiction over the Tyrex defendants in Virginia. *See, e.g.*, *id.* at *5; *Labriola v. Southeast Milk, Inc.*, No. 1:08cv893, 2008 WL 4682772, at *5 (E.D. Va. Oct. 21, 2008).

Plaintiffs' reliance on *CFA Inst. v. Inst. of Chartered Financial Analysts of India*, 551 F.3d 285, 293 (4th Cir. 2009), is again misplaced. In *CFA*, the defendants entered in a contractual relationship with a Virginia entity and conducted business in Virginia for approximately thirteen years. *See CFA*, 551 F.3d at 295. Moreover, the defendants initiated the contract in Virginia, and representatives of the defendants traveled to Virginia on multiple occasions on behalf of the defendants and corresponded and collaborated with the Virginia entity for several years. *Id.* By contrast, in this case, Defendants did not contact Vance in Virginia to solicit any business to be conducted in Virginia. To the contrary, Vance met with Vance Kandhari only one time in Virginia. Unlike the defendants in *CFA*, Tyrex only utilized Vance's

---

[15] Paula Owens testified on June 15, 2010 that, contrary to Plaintiffs claims, she is not a professor and that the drawings she worked with did not mention Alpha. She also testified that she did not copy the drawings, but converted them into an AutoCAD program.

services as a consultant, not to conduct business in Virginia or to avail themselves of the benefits or protections of Virginia law. Moreover, the claim that the "genesis of the dispute" was the meeting between Vance and Kandhari is self-serving. Plaintiffs have no viable proof that the meeting that took place had anything to do with mining tires – Kandhari's testimony is that it did not.[16] Accordingly, *CFA* is inapposite and distinguishable.

More on point is the case of *Graduate Mgmt. Admission Council v. Raju*, 241 F. Supp. 2d 589, 594-95 (E.D. Va. 2003) (Ellis, J.). In that case, the defendant actually solicited orders of infringing test materials from Virginia residents through its website, listed a testimonial from a Virginia resident on its website, registered its domain name with a Virginia company, and sold and shipped materials to at least two Virginia residents. *See Raju*, F. Supp. 2d at 590-95. This Court held that these facts did not form a basis for personal jurisdiction and that the defendant company was not targeting Virginia. *See id.* The contacts were not "sufficient to put the defendant on notice that it was purposefully directing its activities at Virginia." *See id.* at 595. This Court should follow the prior opinion in *Raju*, as it is clear that the Tyrex defendants never targeted Virginia.

The exercise of personal jurisdiction over the Tyrex defendants here would be constitutionally unreasonable as it would offend both the spirit and the letter of the Due Process Clause. Furthermore, the Commonwealth of Virginia has no interest in the litigation. Vance is in China, and all material witnesses are either overseas or in Florida. "Fair play and substantial justice" require that this Court decline to exercise personal jurisdiction over the Tyrex defendants.

---

[16] Additionally, the Kandharis recently testified during deposition that the purpose of the meeting was to discuss tire fill, not to enter into the business of manufacturing and selling mining tires.

## IV.
## CONCLUSION

For the reasons stated herein, the action should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5).

Date: June 17, 2010  Respectfully submitted,

   /s/  *Shelby J. Kelley*
Shelby J. Kelley
Virginia Bar No. 44229
Attorney for Tyrex International Ltd. and Tyrex International Rubber Co, Ltd.
Bracewell & Giuliani LLP
2000 K Street, N.W., Suite 500
Washington, DC 20006
Telephone:  (202) 828-5859
Facsimile:   (202) 857-2117
E-mail:  shelby.kelley@bgllp.com

and

John H. Barr, Jr. (*admitted pro hac vice*)
Richard F. Whiteley (*admitted pro hac vice*)
James W. Caldwell (*admitted pro hac vice*)
Attorneys for Tyrex International Ltd. and Tyrex International Rubber Co, Ltd.
Bracewell & Giuliani, LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone:  (713) 223-2300
Facsimile:   (713) 221-1212
E-mail: john.barr@bgllp.com
E-mail: richard.whiteley@bgllp.com
E-mail: james.caldwell@bgllp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of June, 2010, a true and complete copy of the foregoing *Reply Memorandum in Support of Tyrex International Ltd.'s and Tyrex International Rubber Co., Ltd.'s Motion To Dismiss For Lack Of Personal Jurisdiction and Improper Service* was served by electronic mail on the following:

David B. Killalea, Esquire
William E. Copley, Esquire
August J. Matteis, Esquire
Kathleen Hale, Esquire
GILBERT LLP
1100 New York Avenue NW
Suite 700
Washington, D.C. 20005

Francesca Morris, Esquire
Holland & Knight LLP
31 W. 52nd Street
New York, NY 10019

Brandon Hall Elledge
Holland & Knight LLP
1600 Tysons Blvd
Suite 700
McLean, VA 22102

    /s/ Shelby J. Kelley
Shelby J. Kelley
Virginia Bar No. 44229
Attorney for Tyrex International Ltd. and
Tyrex International Rubber Co, Ltd
Bracewell & Giuliani LLP
2000 K Street, N.W., Suite 500
Washington, DC 20006
Telephone: (202) 828-5859
Facsimile: (202) 857-2117
E-mail: shelby.kelley@bgllp.com