

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE: OUTSIDEWALL TIRE )   Case No. 1:09cv1217
LITIGATION )

## ORDER

The matter came before the Court on plaintiffs' objection to the magistrate judge's ruling denying their motion to compel (Docket No. 222). As the factual and legal contentions are adequately set out in the existing record, further briefing would not aid the decisional process, and accordingly, the matter is ripe for disposition. This Order memorializes the bench ruling sustaining plaintiffs' objection to the magistrate judge's order denying the motion to compel.

In their motion to compel, plaintiffs sought testimony from Harjeev Kandhari, a managing agent of the Al Dobowi defendants, concerning an e-mail exchange between nonparty Sam Vance and Harjeev Kandhari. In an e-mail dated March 10, 2007, Vance—who then as now worked as a consultant for the Al Dobowi defendants—informs Surender Kandhari that he is required to submit answers to interrogatories in connection with then-pending litigation against him in a Florida court, and asks, "Have you heard anything from the Attorneys?" and, further, "Is it O.K. to turn in the answers??" The e-mail chain reflects that the message thereafter is forwarded to Harjeev Kandhari, and he states, "We are still waiting for our attorneys who have all the files," but he also says, "I only noticed one thing—please do not mention the names of Al Dobowi or any of the family members anywhere in your deposition. He has not [sic] right to ask anything about us." The final e-mail in the chain is from Vance to his attorney, Scott Peterson, in which Vance forwards the underlying e-mail correspondence with the note, "FYI."

During plaintiffs' deposition of Harjeev Khandari, plaintiffs' counsel asked whether

Kandhari had ever sought to prevent Vance from disclosing the identity of Al Dobowi defendants or Surender, Harjeev, and Jasjeev Kandhari, the three brothers who manage the Al Dobowi defendant entities. When Harjeev Kandhari stated that he did not recall ever having done so, plaintiffs' counsel sought to ask him about the e-mail exchange, which had been turned over by Al Dobowi defendants during discovery. Defense counsel objected to the question on the ground that the e-mail chain contains privileged and work product material and thus it was not admissible for any purpose, including impeachment. Accordingly, defense counsel instructed Kandhari not to answer the question.

Accordingly, plaintiffs filed their motion to compel Harjeev Kandhari's testimony concerning the e-mail exchange, which motion was argued before the magistrate judge on Friday, July 2, 2010. The magistrate judge denied the motion by bench ruling, holding that the e-mail correspondence was not privileged attorney-client communications, but nonetheless it was protected by the "common interest privilege."[1] On the day of trial, July 6, 2010, plaintiffs filed an objection to the magistrate judge's ruling pursuant to Rule 72, Fed. R. Civ. P., and the objection was argued and decided prior to the start of the trial.[2] Because the objection was not filed until the day of trial, plaintiffs concede that the request to depose Harjeev Kandhari is moot. Instead, they request only that the e-mail correspondence be admitted into evidence.

The magistrate judge correctly found that the communication was not protected by the

---

[1] As no transcript of the bench ruling is available, it is not currently clear whether the magistrate judge also found that the communication was protected work product.

[2] July 6 was the first business day following the magistrate judge's ruling on which plaintiffs could have filed an objection, as July 5 was a federal holiday.

attorney-client privilege, as that privilege applies "only to [c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance." *In re Grand Jury Subpoena: Under Seal*, 415 F.3d 333, 338 (4th Cir. 2005). None of the disclosures here in issue were made "by a client to an attorney," except for Vance's three-letter "FYI" comment to his attorney.[3] The substantive communication contained in the e-mail correspondence is between Vance and Harjeev Kandhari, neither of whom are attorneys. Thus, these statements were not disclosures made "to an attorney . . . in order to obtain legal assistance." *Id.* Accordingly, they may not be afforded protection under the attorney-client privilege.

Nor is the material protected by the attorney work-product doctrine, which "protects an attorney's work done in preparation for litigation." *In re Grand Jury Proceedings #5 Empanelled Jan. 28, 2004*, 401 F.3d 247, 250 (4th Cir. 2005). The purpose of the work-product doctrine is twofold. First, it serves to prevent a party from benefitting unfairly from the time and money invested by opposing counsel in gathering facts relevant to litigation when those facts were ascertainable by the party. *See In re Doe*, 662 F.2d 1073, 1078 (4th Cir. 1981). Second, it safeguards the mental impressions and opinions of an attorney in order to ensure that the lawyer is "free to advise clients and prepare their cases for trial without undue interference." *Id.* at 1077. Neither rationale is implicated where, as here, the evidence in issue concerns the mental impressions not of an attorney, but of the managing agent of a defendant. The opinion that Vance should not name Al Dobowi or the Kandharis does not appear to have belonged to any

---

[3] Plaintiffs represent that they will redact this portion of the document, and thus whether the "FYI" is a privileged attorney-client communication need not be reached nor decided here.

attorney. Indeed, to the contrary, Harjeev Kandhari notes in the same e-mail that they "are still waiting for our attorneys" to respond to the inquiry about the interrogatories. The opinion therefore belonged only to Harjeev Kandhari, and thus the work product doctrine does not apply.

It follows from these conclusions that the communications were not privileged in the first instance that the so-called "common interest privilege"does not protect the e-mail communication betwen Vance and Kandhari. This is so because it "is 'more properly identified as the common interest rule,'" for it does not create a privilege where one does not otherwise exist. *In re Grand Jury Subpoenas 89-3 & 89-4*, 902 F.2d 244, 249 (4th Cir. 1990) (quoting *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989)). Instead, the rule is an exception to the ordinary principle that a privilege is waived when the confidential information is shared with a third party in circumstances where the third party "'share[s] a common interest about a legal matter.'" *Id.* (quoting *Schwimmer*, 892 F.2d at 243–44). Thus, the common interest rule "presupposes the existence of an otherwise valid privilege," *id.*, the absence of which is fatal to a claim that evidence is privileged and therefore inadmissible. Accordingly, the Second and Third Circuits have stated that the common interest rule only applies to communications between an attorney for one party and the common interest party, and the Fourth Circuit has implied that an attorney must be on either end of the communication in holding that the common interest rule "applies not only to communications subject to the attorney-client privilege, but also to communications protected by the work-product doctrine." *Id.*[4] As the communication here in

---

[4] *See In re Teleglobe Comms. Corp.*, 493 F.3d 345, 364 (3d Cir. 2007) ("First, to be eligible for continued protection, the communication must be shared with the *attorney* of the member of the community of interest. . . . Sharing the communication directly with a member of

issue was not made to or from an attorney, it is not privileged, and thus the common interest rule does not apply.

Accordingly, for reasons stated from the bench, and for good cause,

It is hereby **ORDERED** that plaintiffs' objection to the magistrate judge's ruling on their motion to compel (Docket No. 216) is **SUSTAINED**. Accordingly, the e-mail communication attached to plaintiffs' objection is **ADMISSIBLE** with the redaction described above.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
July 6, 2010

/s/
_____
T. S. Ellis, III
United States District Judge

---

the community may destroy the privilege.") (emphasis added); *Schwimmer*, 892 F.2d at 243 ("[The common interest rule] serves to protect the confidentiality of communications passing from one party to the *attorney* for another party. . . .") (emphasis added).