UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

NOV -7 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN RE: OUTSIDE WALL TIRE            )
LITIGATION                          )     Civil Action No. 1:09-cv-01217 (TSE/IDD)
                                    )
_____)

## MEMORANDUM OPINION

This matter is before the Court on Plaintiffs' Motion for Sanctions Against Linglong

Defendants. (Dkt. No. 418.) Upon consideration of the parties' pleadings, argument, and the

testimony of Xigui Wang ("Mr. Wang"), witness for Shandong Linglong Rubber Co., Ltd.

("Linglong Rubber"), this Court DENIES Plaintiffs' Motion for Sanctions. (Dkt. No. 418.)

## I. INTRODUCTION

On May 13, 2011, Plaintiffs Tire Engineering & Distribution, LLC, Bearcat ARL, LLC,

Bcatco A.R.L., Inc., and Jordan Fishman ("Alpha") (collectively, "Plaintiffs") filed this Motion

for Sanctions claiming that Defendants produced documents in compliance with this Court's

February 2011 Order that they should have produced during pretrial discovery. Dkt. No. 419,

Pls.' Mem. Supp. Mot. Sanctions 1. Plaintiffs contend that the Linglong Defendants produced

documents relating to the sale and shipment of millions of dollars' worth of tires into Virginia,

although they asserted throughout the course of litigation that they had no contacts with the

Commonwealth. *Id.*

In February 2010, Plaintiffs propounded their First Set of Requests for Production of

Documents on Linglong Rubber, which was the only named Linglong Defendant in the case at

the time. *Id.* In Request Number 29, Plaintiffs sought "[a]ll documents relating to the

Commonwealth of Virginia, including without limitation all documents related to a Person,

event, or activity, in the Commonwealth." Dkt. No. 419, Ex. 1 at 7. Linglong Rubber objected

to Request Number 29 and others; and on March 19, 2010, Plaintiffs filed a motion to compel

seeking an order from this Court for the production of certain documents. Dkt. No. 58. After

hearing argument on the motion, the undersigned Magistrate Judge granted Plaintiffs' motion to

compel and ordered Linglong Rubber to produce documents to the Plaintiffs in accordance with

the Court's rulings and instructions at the March 26, 2010 hearing. Dkt. No. 67. The March 26,

2010 Order required Linglong Rubber to produce documents within its possession and to obtain

and produce "those documents that are not in the current possession or custody of [Linglong

Rubber] but may be in the possession of [Linglong Tire]." *Id.*

On February 26, 2011, Plaintiffs filed a motion to compel and for sanctions against the

Linglong Defendants seeking responses to interrogatories and requests for production of

documents that it propounded on Defendants in connection with post-judgment discovery

directed at uncovering their assets in the United States. *See* Dkt. No. 403. On March 8, 2011,

this Court denied the motion for sanctions but granted Plaintiffs' request for documents which

were responsive to its post-judgment discovery requests. Dkt. No. 414. The March 8, 2011

Order specifically required the Defendants to produce documents concerning (1) Defendants'

products sold in the United States whether directly or indirectly, (2) shipments of Defendants'

products into the United States whether directly or indirectly, and (3) importation of Defendants'

products into the United States. *Id.*

In accordance with the March 8, 2011 Order, the Linglong Defendants produced

documents to Plaintiffs. Dkt. No. 427, Defs.' Opp. Mot. Sanctions 3, 4. On May 13, 2011,

Plaintiffs filed the Motion to Compel and for Sanctions at issue in this opinion. Dkt. No. 418.

Plaintiffs assert that Defendants' April 2011 document production included documentation of numerous transactions and shipments of tires into Virginia from December 2009 through July 2010. Dkt. No. 419, Pl.'s Mem. Supp. Mot. Sanctions 6, 9. Plaintiffs contend that the Defendants should have produced these documents during pre-trial discovery pursuant to the Court's March 26, 2010 Order. Dkt. No. 419, Pls.' Mem. Supp. Mot. Sanctions 6, 9. Defendants argue that they did not produce the documents during pretrial discovery for three reasons: (1) Linglong Tire was not a named defendant in February 2010, (2) the Linglong Defendants are two separate companies, and (3) Linglong Rubber believed that Plaintiffs narrowed the scope of their February 2010 discovery requests at the March 26, 2010 hearing to mining tires, such that Linglong Rubber made a reasonable document production in April 2010 when it only produced documents concerning only mining tires. Dkt. No. 427, Defs.' Mem. Opp. 2, 4, 5, 6.

This Court convened a hearing on Plaintiffs' Motion on May 27, 2011. Dkt. No. 430. The undersigned Magistrate Judge denied the Motion as to the Plaintiffs' request that the Court compel the Linglong Defendants to produce more documents and as to their request to supplement the docket. Dkt. No. 431. The Court continued the hearing on the portion of Plaintiffs' motion concerning Plaintiffs' request for FRCP 37(b) sanctions. Dkt. No. 431. At the May 27, 2011 hearing, the Court noted that, by signing discovery requests, parties certify that after reasonable inquiry they believe that their responses to discovery requests "are complete and correct as of the time made" and that those responses and or objections are warranted by existing law.[1] To that end, the Court ordered Defendants to file supplemental briefing explaining how Linglong Rubber made the determination that documents in the possession of Linglong Tire were

---

[1] Fed. R. Civ. P. 26(g)(1)(A)(B).

not in its custody, possession, or control for purposes of responding to Plaintiffs' February 2010 discovery requests.

On June 10, 2011, this Court again heard argument on Plaintiffs' Motion for Sanctions. Dkt. No. 435. Upon consideration of the argument presented by the parties and the affidavit of Yang Na, Office Manager for Linglong Rubber, the undersigned Magistrate Judge ordered an evidentiary hearing for the purposes of determining how Linglong Rubber made the reasonable determination that it did not possess, or have within its custody or control documents in Linglong Tire's possession. Evidentiary Hr'g Tr. 6:1-7, Sept. 6, 2011 (hereinafter, "Hr'g Tr.")

## II. <u>FINDINGS OF FACT</u>

As the trier of fact, this Court must consider all of the evidence relating to Plaintiffs' motion to determine whether it has met its burden to establish that sanctions against the Defendants are warranted. In doing so, this Court has the discretion to determine the credibility of any witnesses. *Morrison v. Nissan Motor, Co.*, 601 F.2d 139, 141 (4th Cir. 1979) (explaining that issues of witness credibility are best determined by the trier of fact who has observed the demeanor of the witnesses during direct and cross-examination). The Court now having convened an evidentiary hearing on September 6, 2011, and having heard testimony from Mr. Wang, makes the following findings of fact.

Mr. Wang is an attorney in China and serves as legal advisor to Linglong Rubber. *Id.* at 12:2-4, 17:6. During the evidentiary hearing, Mr. Wang testified to the corporate and legal structure of the Linglong Defendants. *See id.* at 17:10-18:14. He stated that Linglong Rubber and Linglong Tire are two separate entities incorporated under the laws of China. Defs.' Evidentiary Hr'g Exs. 1-A, 2-A, 3 at 4-8, 10-13; Hr'g Tr. 18:8-14. Linglong Rubber held a

4

majority of the shares of Linglong Tire in February 2010. Hr'g Tr. 24:18-25:1. In February 2010, some of the people that held leadership positions within Linglong Rubber were also officers of Linglong Tire. *Id.* at 26:14-15. In fact, the two companies shared the same chairman of the board and general manager, Wang Feng ("Mr. Feng"). *Id.* at 27:18-25. However, the boards of directors for the two companies were not identical. *Id.* at 26:18-20.

Mr. Wang testified on direct examination that he was involved with Linglong Rubber's document production and that he made the determination that Linglong Rubber is a management company without relevant documents to provide in response to Plaintiffs' requests. *Id.* at 17:24-18:3. He stated that because the Linglong Defendants are two separate entities under Chinese law, Linglong Rubber did not have control over Linglong Tire's documents. *Id.* 18:21-23. In addition, Mr. Wang stated that even though Linglong Rubber is a majority shareholder of Linglong Tire, its rights as a shareholder do not give rise to management rights over the tire company. *Id.* 29:7-10. Furthermore he testified that Chinese law precludes officers of one company from producing documents on behalf of the other company wherein they are officers because such employees cannot exercise their authority in one company for the benefit of the other. *See id.* at 28:15-29:22. For these reasons, Mr. Wang made the determination that under Chinese law, Linglong Rubber could not provide Plaintiffs with Linglong Tire's documents. *Id.* at 30:1-3. Mr. Wang did not consult with Mr. Feng, nor did he consult with Merry Weng ("Ms. Weng"), a Linglong Tire employee, when he made this decision. *Id.* at 19:11-14; *see also* Dkt. No. 468, Merry Weng Dep. Ex. 6 19:10-19, May 21, 2010.

In spite of Mr. Wang's assertions about corporate restrictions under Chinese law, the evidence before the Court shows that the employees of the two companies did in fact work

5

together to provide Linglong Rubber's responses to Plaintiffs' discovery requests. Employees of Linglong Tire provided information for Linglong Rubber's responses to Plaintiffs' Interrogatories. Pls.' Hr'g Ex. 6. Mr. Wang testified on cross-examination that he was unaware of the fact that Ms. Weng and other Linglong Tire employees provided information for Linglong Rubber's interrogatory responses. Hr'g Tr. at 39:2-6. He could not explain how or why Linglong Tire employees could perform for Linglong Rubber in this capacity. *Id.* at 39:9-16.

Mr. Wang identified himself as the ultimate decision maker in the Linglong Rubber document production, but his testimony reveals that he actually had a remote, perhaps even tangential role in Linglong Rubber's document production. He testified that he was not involved in choosing those specific documents that Linglong Rubber would produce in discovery, and he played no role in planning the company's litigation strategy. Hr'g Tr. at 34:22-35:6. In fact, Mr. Wang did not review the Plaintiffs' interrogatories or document requests. He did not have them translated into Chinese for his own understanding, and he did not compile Linglong Rubber's responses to the document requests. *Id.* at 34:22-35:6, 36:5-8, 36:14-16, 37:19-38:6, 40:20-21. Nevertheless, Mr. Wang testified that Linglong Rubber did not withhold any documents that it believed were relevant to Plaintiffs' 2010 discovery requests, nor did it instruct Linglong Tire to withhold any documents responsive to this request. *Id.* at 30:17-24.

Finally, Mr. Wang testified that once he learned of the March 26, 2010 Order requiring Linglong Rubber to produce documents from Linglong Tire, Linglong Rubber asked Linglong Tire to follow the Court's instruction. *Id.* at 30:10-16.

### III. DISCUSSION

As previously stated, this Court convened an evidentiary hearing in order to determine

how Linglong Rubber decided that it did not have custody, possession, or control over Linglong Tire's documents such that it did not produce certain documents both before and after the Court's March 26, 2010 Order in response to Plaintiffs' February 2010 discovery requests.

FRCP 37(b)(2)(A) provides that "if a party . . . fails to obey an order to provide or permit discovery, including an order under [Rule 37(a)], the court" may grant sanctions. Fed. R. Civ. P. (37)(b)(2)(A). To sanction a party under FRCP 37(b), the Court must consider (1) whether the party acted in bad faith, (2) the prejudice suffered by the moving party, (3) the need to deter the noncomplying party from engaging in further similar conduct, and (4) whether less drastic sanctions may be appropriate. *Anderson v. Found. For Advancement Education and Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998).

Linglong Rubber argues that it did not act in bad faith in failing to produce certain documents after the Court's March 26, 2010 Order because the documents produced in post-judgment discovery came from Linglong Tire and because Linglong Rubber believed that Plaintiffs' narrowed their discovery requests in open court at the March 26, 2010 hearing. *See* Dkt. No. 427, Defs.' Opp. 7, 11.

FRCP 34(a) provides that in response to discovery requests within the scope of FCRP 26(b), a party must produce items in the party's possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1); *Mt. Hawley Ins. Co. v. Felman Prod.* 269 F.R.D. 609, 617 (S.D. W. Va. 2010). The term "control" is construed broadly. *Mt. Hawley Ins. Co.*, 269 F.R.D. at 618 (citing *M.L.C., Inc. v. North Am. Philips Corp.*, 109 F.R.D. 134, 136 (S.D.N.Y. 1986)). When determining whether one corporate entity/parent company "controls" the documents of its corporate affiliate/subsidiary, courts have considered (1) the ownership share of the corporate entity, (2) the

7

management structure of the corporate affiliates, and (3) the degree of control that the corporate entity exercises over its affiliate/subsidiary. *Id.* (citing *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 129 (D. Del. 1986)). The determination that one corporate entity has control over its affiliate's documents is not limited to whether the entity has some legal right or authority over the affiliate; control may be found to exist where that entity has an "ability to obtain the requested documents on demand." *See id.* (internal quotations omitted.)

This Court again finds, as it did at the March 26, 2010 hearing, that Linglong Rubber had control over Linglong Tire's documents. At the time Mr. Wang made his decision regarding production, the two companies shared a general manager and a chairman of the board. In addition, Ms. Weng acted as corporate designee for both entities. Furthermore, Mr. Wang's testimony that Linglong Tire acquiesced to Linglong Rubber's request for documents in compliance with the March 26, 2010 Order is evidence of the fact that it had the ability to obtain such documents even if it had no right to do so under Chinese law. The fact that Linglong Tire employees provided information for Linglong Rubber's interrogatory responses also supports the conclusion that Linglong Rubber had control over documents in Linglong Tire's possession. Mr. Wang had no explanation for this, but this Court presumes that such employees did so at Linglong Rubber's request. Accordingly, this Court again rejects Linglong Rubber's assertion that documents requested in Plaintiffs' February 2010 discovery requests were not within Linglong Rubber's control as a result of the fact that Linglong Tire actually possessed such documents. The Court also rejects this argument as an explanation as to why certain documents were not produced until the Court's March 2011 post-judgment Order.

Nevertheless, this Court acknowledges that Mr. Wang made his decision as to whether

8

Linglong Rubber had control over documents relying on his understanding of Chinese law and not U.S. law. Furthermore, the fact that Mr. Wang had no knowledge of the discovery responses that were provided by Linglong Rubber based on information supplied by Linglong Tire employees supports the argument that he made his determination in good faith. Therefore, even though this Court rejects the assertion that the documents were not controlled by Linglong Rubber under U.S. law, it has no reason to believe that Mr. Wang made his determination about Linglong Rubber's right to produce Linglong Tire's documents in bad faith. Furthermore, the fact that Linglong Rubber made a request for documents from Linglong Tire for the purposes of production after the March 26, 2010 Order provides support for the argument that it tried to comply with the Order.

Linglong Rubber also argues that it may not be sanctioned under FRCP 37(b) because it reasonably believed that the Plaintiffs' narrowed their February 2010 discovery requests at the March 26, 2010 hearing such that it produced appropriate documents responsive to that request. Dkt. No. 427, Defs. Opp. 5. It relies on statements made by Plaintiffs' counsel at the March 26, 2010 hearing for their position that they believed that the Plaintiffs limited the scope of their document request to those documents concerning mining tires. *Id.* at 2. To support its position, Linglong Rubber cites to a portion of the March 26, 2010 hearing transcript where counsel for Plaintiffs states that "[w]e are only seeking damages in this case for loss sales of 25 sizes of underground mining tires that we alleged they stole." Dkt. No. 427, Ex. 1, at 3, 4.

Plaintiffs assert that they did not narrow the scope of their discovery request concerning Linglong Rubber's contacts with Virginia, but only agreed to this limitation in connection with its request for the invoices for Linglong goods sold in the United States. Pls.' Reply 4, 5.

9

Linglong Rubber counters this position by stating that in response to the Court's inquiry as to any further issues in Plaintiffs' motion to compel, Plaintiffs' counsel again stated "I just simply like to point out that we're trying to be as surgical as probable here. We're not asking for every document . . . [w]e're trying to gear it to mining tires." Dkt. No. 427, Ex. 1, at 6.

The Court finds that based on a totality of the circumstances, Linglong Rubber reasonably believed that it complied with the March 26, 2010 Order when it limited its production of documents to those documents concerning mining tires. The Court is not stating that the Plaintiffs intended to or did in fact limit the entirety of their discovery requests to mining tires during the March 26, 2010 hearing. However, based on the statements made by counsel and the fact that the infringement claim in the Complaint related to mining tires, this Court finds that Linglong Rubber's understating of its obligations under the March 26, 2010 Order was not completely unreasonable. Accordingly, this Court also finds that Linglong Rubber did not act in bad faith when it failed to produce documents related to non-mining tires in pre-trial discovery.

As to Linglong Tire, Plaintiffs had not yet served the Amended Complaint on Linglong Tire; therefore, it was not a party to the action at the time of the March 26, 2010 Order. *See* Dkt. No. 127. As such, it could not be subject to FRCP 37(b) sanctions for failing to comply with the Court's March 26, 2010 Order directed at Linglong Rubber. Nevertheless, this Court accepts Linglong Tire's representation that it gave documents to Linglong Rubber for its production to Plaintiffs based on its understanding that the Plaintiffs limited their request for documents to mining tires. An appropriate Order to issue.

November 7, 2011
Alexandria, Virginia

                                             /s/
                            Ivan D. Davis
                            United States Magistrate Judge